RUTH (COMER) MARTIN, Plaintiff-Appellant, *v.* HERBERT COMER, Defendant-Appellee.

(No. 73-306;

Third District—February 20, 1975.

Peter F. Ferracuti Assoc., of Ottawa (Bradley J. Schwager, of counsel), for appellant.

Wolslegel & Armstrong, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from that part of an order of the circuit court of La Salle County denying plaintiff, Ruth (Comer) Martin, child-support arrearage from her former husband, Herbert Comer, for her twin sons. Plaintiff and defendant were married in June, 1953, gave birth to son Paul in June, 1954, and were divorced in January, 1957, pursuant to a decree in favor of plaintiff entered by a court in the State of Arkansas. Plaintiff gave birth to twin boys in March, 1957. The support of Paul Comer is not in issue.

The decree of divorce required defendant to pay $60 per month for the maintenance of the minor child Paul as well as the unborn child. Paul lived with his father, the defendant, from 1960 until August of 1971. Subsequent to the divorce in 1957 and prior to 1960, Paul lived with defendant's mother, and the payments for Paul's support as required by the decree were made. The twins have been supported by plaintiff's second husband, whom she married in 1958. The twins always lived with their mother except for the period from October, 1972, to January, 1973.

Plaintiff appeals from that part of the ruling wherein the trial court held she was equitably estopped from asserting her claim for child support some 16 years after the Arkansas decree of divorce was entered.

On appeal, issues are raised regarding the applicability of full faith and credit and the statute of limitations, but due to the view we take of this case, it is necessary here to deal only with the issue relating to equitable estoppel.

The principal factual dispute concerns the existence or nonexistence of an agreement between the parties allegedly made prior to the divorce decree to the effect that defendant would pay for the divorce and the hospital bill at the time the unborn child would be born and the sum of $15 a week for child support for their son Paul but no support for the unborn child. Plaintiff denies such an agreement.

It should be noted that the plaintiff's claim for child-support arrearages comes 16 years after the divorce decree in Arkansas. The parties moved to Ottawa, Illinois, in 1954 and have all lived in Illinois except for 6 years during which time the plaintiff and the twins lived in Arkansas.

Plaintiff argues that in the absence of a showing that defendant has been inequitably affected by plaintiff's conduct, defendant cannot be relieved of his duty to support his minor children. Defendant argues plaintiff should be equitably estopped from asserting a right to child-support arrearage because of her conduct at the time of and subsequent to the entry of the divorce decree. Included in such conduct is the defendant's claim that there was an understanding between the parties that he would not be required to support any child born after the divorce because such a child was not his. Plaintiff argues that even if it is found that an agreement as alleged by defendant did exist, and even if it is found that the doctrine of res judicata did not apply, such an agreement could not be given any effect in that it would be void as against public policy.

██ Plaintiff states several general principles of law with which this court agrees. *Leland v. Brower*, 28 Ill.2d 598, 192 N.E.2d 831, is cited for the proposition that a father cannot be relieved of his obligation to support his minor child by agreement with the mother. *Kaifer v. Kaifer*, 286 Ill.App. 433, 3 N.E.2d 886, is cited to the effect that laches is not available as a defense unless the party pleading it was prejudiced by the opposite party's delay. *Hurt v. Hurt*, 351 Ill.App. 427, 115 N.E.2d 638, is cited for the rule that a father's duty to support his child is not destroyed by a divorce decree nor a decree granting the care and custody of his child to his wife or some other person. This court does not dispute the foregoing principles of law, but we do not believe they are applicable to the factual situation presented on this appeal.

██ It should be noted that the proceeding at bar is not an action to enforce an alleged agreement, nor does the defendant seek to assert rights based on an agreement. Rather, the issue is whether the conduct of the plaintiff, as shown by all of the facts and circumstances, including the reasons therefore, are sufficient to justify the conclusion that the enforcement of the decree would be unjust and inequitable. In *Atwater v. Atwater*, 18 Ill.App.3d 202, 309 N.E.2d 632, the court discusses the doc-

trine of equitable estoppel in the context of a property settlement incorporated in a divorce decree. The court in *Atwater* held the doctrine inapplicable because the former wife continued to insist that she had not been married (a condition which would have terminated the obligations under the decree), even though the husband believed a remarriage had occurred. It should also be noted that it is axiomatic that the mere passage of time does not bring into effect the principle of equitable estoppel. What we have in the case at bar constitutes considerably more than the mere passage of time. The parties were divorced in 1957, at which time plaintiff was pregnant with children defendant claims then and now were not his. According to defendant's testimony, prior to and at the time of the divorce there was no intention or expectation that he would support or would be required to support any child born after the divorce because of the question of paternity. The parties lived in the same general area for about 10 of the 16 years between the divorce and the petition for child-support arrearage. The other 6 years plaintiff lived with the twin boys about 15 miles from the court in which the divorce decree was entered. The parties' minor son Paul lived with defendant for 11 years. Plaintiff was obviously aware of defendant's whereabouts during the 16 years subsequent to the divorce decree, and there was evidence of periodic contact between the parties. At no time did plaintiff ever make any demands for support for the twins or in any way intimate or suggest that defendant was neglectful of any of his obligations under the divorce decree. Furthermore, the evidence indicates the twins were substantially supported by plaintiff's second husband without any objection on his part or again without any intimation that the support of said twins was expected to be made by defendant pursuant to the decree. From the evidence, it may be inferred that plaintiff did not expect support for the twins from the defendant but instead expected that such support would come from her second husband. Her conduct over the years was consistent with this position, and there can be little doubt but that she intended that defendant rely on these circumstances and that the defendant did so rely on such circumstances, believing the necessity of modifying the decree of divorce unnecessary. All of these facts and circumstances are sufficient to characterize and delineate the plaintiff's conduct as such that the defendant's reliance thereon is sufficient to invoke the principle of estoppel. Such circumstances justify the court's conclusion that to enforce the decree concerning arrearage would be unjust and inequitable. Were this a situation where defendant had absconded or refused to make payments upon plaintiff's assertion of her rights through the courts, the result we reach here would have to be different. Within a framework of the specific facts in this case, we must

1042

find that defendant would be unjustly affected by an order requiring him to pay child-support arrearages. We therefore must find that the trial court's application of the doctrine of equitable estoppel is supported by the facts.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.