GLENDA DIXON, Plaintiff-Appellant, *v.* JAMES DIXON, Defendant-Appellee. First District (4th Division)   No. 62824

Opinion filed February 3, 1977.

Sheldon A. Harris, of Chicago, for appellant.

Bernice S. Burman, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Glenda Dixon, brought an action in the Divorce Division of the Circuit Court of Cook County, seeking judgment in the amount of $890 for child support arrearages due and owing from October 5, 1974, through July 11, 1975. On April 8, 1975, the defendant filed a counterpetition seeking reduction of the child support order alleging a material change in circumstances. After a hearing, the trial court entered an order denying plaintiff's request for judgment on the vested arrearages, reduced the arrearages from $890 to $400, and further ordered that due to a change of circumstances, weekly child support payments were reduced. Plaintiff appealed.

The plaintiff, pursuant to a decree of divorce entered on April 11, 1974, was granted custody of the four minor children of the parties and the

defendant was ordered to first pay temporary support arrearages and then to pay the sum of $60 per week for child support.

Thereafter, the plaintiff brought petitions and sought court orders for rules to show cause and other relief for the payment of child support arrearages as it accrued. On April 8, 1975, in response to another petition for rule to show cause filed by the plaintiff, the defendant filed his answer and counterpetition for a reduction in the support order, alleging a material change in circumstances, and the order entered that day provided that any future order of court pursuant to said counterpetition would be retroactive to and effective as of April 8, 1975. On August 8, 1975, plaintiff presented her amended petition seeking judgment in the amount of $890 for vested child support arrearages. A hearing was held the same day and defendant disputed the amount claimed by plaintiff, but failed to offer evidence that $890 was not due.

Further, the defendant testified that he had suffered a loss of $5000 a year in earnings from spare-time work at a gas station. Upon cross-examination, defendant admitted that this loss occurred prior to the entry of the original judgment for divorce. Defendant further admitted that his present employer, H. K. Porter, was the same as when the judgment was entered and that there had been no change in his earnings of $180 per week. Next, he testified that he suffered a loss of $80 a week in overtime from his job at H. K. Porter. The plaintiff is unemployed and is receiving public aid.

Notwithstanding this evidence, the court reduced defendant's child support payments from $60 to $40 per week. The court further ordered that it finds that arrears of $890 due and owing this date be reduced to $400.

The issues presented for review are (1) whether the trial court's ruling that defendant's earnings had materially changed since the entry of the decree was against the manifest weight of the evidence, and (2) whether the trial court erred in determining that $890 in vested child support arrearages should be arbitrarily reduced to $400.

■■ The plaintiff maintains that the record is devoid of evidence showing a change in earnings of the defendant from the time of the decree to the time of the hearing. Since there was no evidence of change in circumstances, the court should not have reduced the child support arrearages and future child support payments. The court may not "arbitrarily or capriciously" modify the provisions for alimony or child support but can do so only after a substantial change is shown to have occurred. *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 268, 202 N.E.2d 139.

The defendant maintains that the record reflects substantial evidence of a change in circumstances since the decree was entered. Because he

proved changed conditions, he contends he is entitled to modification of the child support arrearages from the date he filed his petition and to modification of future child support obligations. *Needler v. Needler* (1971), 131 Ill. App. 2d 11, 22, 268 N.E.2d 517.

Section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) provides in part that the court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper. The cases uniformly hold that an alteration will be made only when the conditions and circumstances of the parties have materially changed since the entry of the original decree. (*Elizer v. Elizer* (1976), 36 Ill. App. 3d 552, 344 N.E.2d 493; *Loucks v. Loucks* (1971), 130 Ill. App. 2d 961, 266 N.E.2d 924; *Green v. Green* (1967), 86 Ill. App. 2d 362, 229 N.E.2d 565; *Kelleher v. Kelleher* (1966), 67 Ill. App. 2d 410, 214 N.E.2d 139; *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139.) The burden of proof is upon the applicant to show such material change in circumstances as would justify modification. (*Kelleher v. Kelleher* (1966), 67 Ill. App. 2d 410, 414, 214 N.E.2d 139; *Patterson v. Patterson* (1960), 28 Ill. App. 2d 76, 78, 170 N.E.2d 11.) Defendant has failed to meet his burden. The record shows that there was little or no change in defendant's earnings since the entry of the decree. He admitted on cross-examination that he now earns the same weekly wages of $180 as he did in 1974 and worked for the same employer, H. K. Porter.

However, defendant argues that outstanding obligations incurred during the marriage previous to the entry of the decree have placed financial demands upon him so as to cause a material change in circumstances. This is not a change in circumstances during the relevant period. The change in circumstances must occur after the date of the decree, which in this instance is 1974. *Nye v. Nye* (1952), 411 Ill. 408, 416, 105 N.E.2d 300.

■■ Next, defendant argues that loss of overtime earnings is a change in circumstances justifying modification of child support payments. First, it is not clear from the record whether defendant actually suffered a loss of overtime, due to the fact that he testified he now made the same weekly wages of $180 as he did at the time the divorce decree was entered. Even had the defendant lost overtime earnings, this would not be a permanent change in circumstances and thus would not be a valid basis for permanent reduction of child support payments. (*Gaines v. Gaines* (1969), 106 Ill. App. 2d 9, 245 N.E.2d 574.) In *Gaines*, the defendant was suspended from his job for 5 days. The court held this was not a permanent change in circumstances. By analogy, loss of overtime earnings is not a permanent change; one week the defendant might work

overtime and the next week he might not. *Graham v. Graham* (1974), 21 Ill. App. 3d 1032, 316 N.E.2d 143, asserts that *Gaines* is a case limited to its facts. We find this limitation is not persuasive in light of the above analogy.

■■ It is not for an appellate court to substitute its findings for those of the trial court unless such findings are clearly and palpably erroneous and against the manifest weight of.the evidence. (*Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256 N.E.2d 660; *Gillespie v. Gillespie* (1966), 70 Ill. App. 2d 38, 216 N.E.2d 462.) Because the defendant's income remained the same and because he failed to show a change in circumstances, the trial court, in modifying the child support payments, was in error and entered its judgment against the manifest weight of the evidence.

■■■ Regarding the second issue for review, the general rule is that past due installments of child support are a vested right and the court has no authority to modify them in any particular either as to amount or time of payments. (*Stark v. Stark* (1971), 131 Ill. App. 2d 995, 269 N.E.2d 107; *Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256 N.E.2d 660; *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139.) However, once a petition for modification of support is filed, upon a showing of material change of circumstances, support payments can be modified as of the date the petition was filed. (*Green v. Green* (1974), 21 Ill. App. 3d 396, 315 N.E.2d 324.) But the payments due previous to the petition cannot be modified. (*Stewart v. Stewart* (1954), 1 Ill. App. 2d 283, 117 N.E.2d 579.) The court is precluded from modifying arrearages which had vested previous to the filing of the April 8 petition. In addition, the court erred in modifying child support accruing after April 8 because defendant failed to prove a substantial change of circumstances. The court was thus in error when it arbitrarily reduced the arrearage from $890 to $400.

For the foregoing reasons, the judgment of the Circuit Court of Cook County, Divorce Division, is reversed, with instructions that the arrearage be restored to the amount of $890 and the monthly child support payments be restored to $60 per week.

Reversed and remanded, with directions.

DIERINGER, P. J., and STAMOS, J., concur.