*In re* ESTATE OF ALBERT J. NEIRINCK, Deceased.—(SYLVIA MAIER, f/k/a Sylvia Neirinck, Plaintiff-Appellant, *v.* JUDY C. FONSECA, Ex'r of the Will of Albert J. Neirinck, Defendant-Appellee.)

Third District   No. 78-91

Opinion filed July 31, 1978.

Thomas A. Blade, of Moline, for appellant.

Robert C. Boling, of McGehee, Boling & Whitmire, Ltd., of Silvis, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Albert J. Neirinck, now deceased, and the plaintiff, Sylvia Maier, were married on March 23, 1946, and a son and daughter were born of that marriage. The parties were divorced on April 22, 1953, and Albert J. Neirinck was ordered to pay $20 per week for child support for both children. Subsequent to the divorce the plaintiff married John Maier.

Commencing on October 19, 1959, Lloyd A. Schwiebert, an attorney was instructed by the plaintiff to collect all moneys payable to her as child support. Schwiebert, as attorney for the plaintiff, collected the child-support payments, kept records as to payments received, payments due, and disbursed amounts collected to the plaintiff. The decree of divorce between the plaintiff and Albert J. Neirinck was never modified by order of court but attorney Schwiebert reduced the amount of child support to $10 per week for the period of June 10, 1960, through January 27, 1962, when the daughter was residing away from the plaintiff's home as the result of being placed in another home under court supervision. After the daughter was returned to the home of the plaintiff and until she was eighteen years of age the amount of child support determined by Schwiebert as due and owing was the sum of $20 per week. After the daughter attained the age of 18 years the records of attorney Schwiebert reflected that he determined that the sum of $10 per week was to be paid as child support for the son. At the age of 18 years the son entered military service and was deemed to be emancipated from the custody of his mother, the plaintiff. After Albert J. Nierinck departed this life on October 28, 1976, the plaintiff filed a claim against his estate for unpaid child support in the amount of $2,095.90 plus $966.69 interest and filed a complaint in the circuit court of Rock Island County in which she prayed that the decedent's estate be ordered to pay her this amount plus further accrued interest. The plaintiff subsequently filed an amended complaint in which she claimed unpaid child support due and owing her to be in the sum of $9,300.44 plus interest.

The records of attorney Schwiebert reflect that the last payment made by the decedent Neirinck occurred in January of 1969 and that a balance of $1,735.90 was due and owing. No demand from 1969 until his death was ever made by the plaintiff or her attorney upon Neirinck for the payment of the child support arrearages under the decree of divorce.

While this case was pending in the trial court the parties concerned entered into a stipulation as to facts. In the stipulation the plaintiff was referred to as Sylvia and the decedent as Albert. We believe that certain portions of the stipulation are pertinent to the determination of this appeal and should be set forth in their entirety. These provisions are as follows:

"10. There is no record that Albert maintained a separate set of records apart from and independent of the records maintained by Schwiebert. It is fair to presume that Albert probably relied upon the figures as Schwiebert from time to time told Albert about them.

11. With the possible exception of some hearings on rules to show cause Albert never engaged private and independent counsel to represent him regarding any arrearages due under the terms of

the decree of divorce. Schwiebert does not recall that Albert ever retained independent counsel after 1961.

12. Sylvia and Albert relied upon the advice of Schwiebert as to all amounts of support due to her for the children under the terms of the decree. She did not instruct Schwiebert as to how much support was owing nor did she ever tender any corrections, modifications, or adjustments in the amount of support.

13. There is no evidence to support the proposition that Sylvia personally advised Albert that she would ever accept any sum other than what she thought was owing under the decree of divorce. She assumed that Schwiebert was maintaining an accurate record of all payments and all arrearages. Sylvia never objected to any of the amounts determined by Schwiebert to be due her from Albert.

14. There is no written agreement between Sylvia and Albert modifying the terms of the decree of divorce. Schwiebert never thought it was necessary to go to court to modify the decree nor did he ever advise either Albert or Sylvia that the decree should be modified to conform to the adjustments in child support payments made by him as hereinafter provided.

15. Neither Sylvia nor Albert nor any person on their behalf ever moved for the modification of the decree of divorce."

During the proceedings before the trial court and in this appeal it is the plaintiff's position that attorney Schwiebert made mistakes when he unilaterally reduced the child support payments on various occasions and that she is entitled to a greater sum than that reflected on the records of Schwiebert. The trial court disagreed with the plaintiff and held that the claim of the plaintiff should be barred insofar as it asks for any additional sums beyond the $1,735.90 shown due by the records of Schwiebert. The trial court further disallowed an award of interest upon the arrearage. The trial court based its decision upon the doctrine of equitable estoppel.

The first issue presented to us for determination is whether or not the trial court was correct in applying the doctrine of equitable estoppel to defeat the plaintiff's claim for a greater sum of past due child support.

■■ It is well settled in this State that past due installments for child support are a vested right and the court is without authority to modify the amount due of such installments. (*Strum v. Strum* (1974), 22 Ill. App. 3d 147, 317 N.E.2d 59; *Stark v. Stark* (1971), 131 Ill. App. 2d 995, 269 N.E.2d 107.) The proper procedure to modify child support payments is to file a petition with the court praying for such modification. (*Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139.) In the proper case, however, our reviewing courts have indicated that they will give effect to an agreement by the parties to waive payments or accept a lesser amount

or they will apply the doctrine of equitable estoppel where that doctrine is appropriate. *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632; *Anderson v. Anderson* (1964), 48 Ill. App. 2d 140, 198 N.E.2d 342.

In the instant case we do not have a situation where a party has agreed to waive payments or where an agreement has been entered into to accept a lesser amount. It is incumbent upon the court to determine if we have a situation where the doctrine of equitable estoppel is applicable.

■■ It should be noted that in the instant case in 1959 the plaintiff requested her attorney to relieve her of collecting and keeping records pertaining to child support payments which she was to receive. In fulfilling the request of the plaintiff her attorney unilaterally advised the decedent Neirinck that on occasions he could pay less than that provided for in the decree of divorce and the plaintiff at various times acquiesced in such decisions for approximately a ten year period. When the decedent made his last payment in January of 1969 the plaintiff continued to be inactive or apathetic regarding the amount due and owing her until February of 1977 when she filed a claim against his estate. As we have previously stated, mere passage of time does not bring into effect the doctrine of equitable estoppel. (*Martin v. Comer* (1975), 25 Ill. App. 3d 1038, 324 N.E.2d 240.) We have before us, however, a situation where more than the mere passage of time is involved. The parties resided in the same general area after their divorce for approximately 23 years. For 17 of those years the plaintiff in no way intimated or suggested that the decedent was not fulfilling his obligation as far as child support payments were concerned. The decedent for 15 years did not seek the advice of counsel but relied upon the decisions of Schwiebert, the attorney, who at all times was acting in behalf of the plaintiff. The plaintiff's conduct over the years was consistent with the position that there can be little doubt that she intended that the decedent should rely on the decisions of her attorney and it is clear that the decedent did so and it is not an unreasonable assumption that neither of the parties deemed it necessary to seek a modification of the decree of divorce. The circumstances in this case are such to justify this court's conclusion that to enforce the decree of divorce as to arrearage of child support payments would be unjust and inequitable. We do not have before us a situation where a father absconded or refused to make payments which would prevent the application of the doctrine of equitable estoppel. We do have before us a situation quite similar to that in *Martin v. Comer* (1975), 25 Ill. App. 3d 1038, 324 N.E.2d 240, and as we did in that case we now do in the instant case, to-wit, find that the trial court's application of the doctrine of equitable estoppel is supported by the facts.

■■ In the instant case the trial court found that the plaintiff was entitled to

the sum of $1,735.90 as unpaid child support, since this was the sum due and owing as reflected by the records of attorney Schwiebert. As we have previously stated, we agree with this determination made by the trial court. The plaintiff of course claimed a larger sum plus interest but has asserted that even if a larger sum is not found to be due and owing her, she is nevertheless entitled to interest on the amount actually awarded and found to be due and owing by this court, to-wit, the sum of $1,735.90. Directing our attention to this contention of the plaintiff we first deem it necessary to call attention to the fact that the record discloses that the plaintiff made no effort to collect the balance of child support payments due her for a period in excess of eight years. The decedent until his death resided in the same area as the plaintiff and his address was known to her or could have been easily obtained by her. In the light of such a factual situation we conclude that the trial court did not abuse its discretion in denying the plaintiff's claim for interest on the back child support payment awarded her. A strikingly similar situation existed in the case of *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632, in which the reviewing court sustained the trial court's denial of an award of interest. See also *Anderson v. Anderson* (1964), 48 Ill. App. 2d 140, 198 N.E.2d 542.

For the reasons set forth the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.