TANYA RODGERS, Plaintiff-Appellee, *v.* MELVIN RODGERS, Defendant-Appellant.

Fifth District  82—732

Opinion filed September 30, 1983.

WELCH, J., dissenting.

Melvin W. Trotier, of East St. Louis, for appellant.

Jack L. Giannini, of Belleville, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

The issue on appeal is whether the trial court, after entering an order suspending a husband's child-support payments during a period when the husband is disabled, may subsequently hold the husband responsible for payments accruing after the disability has ended, when the court has failed to reinstate the obligation according to the terms of its own order. We determine that a court may not properly so hold, and vacate the order requiring the husband to make such payments.

Plaintiff Tanya Rodgers secured a divorce from defendant Melvin

Rodgers on September 10, 1971. Plaintiff was awarded custody of the two children, and defendant was ordered to pay $40 per week in child support. Defendant's alleged failure to make these payments prompted three separate actions by plaintiff, the last of which culminated in a judgment entered on November 9, 1976, in which defendant was ordered to pay $2,430 in overdue child support. A new balance of $1,930 was determined when the court credited a $500 payment by defendant on November 23, 1976.

On March 25, 1977, defendant petitioned the court to suspend temporarily his obligation to pay child support, stating that personal injuries resulting from an automobile accident had rendered defendant unable to work. This request was granted when an order of the circuit court was entered on May 6, 1977, in which the court suspended defendant's obligation to make payments until defendant resumed his job, at which time a hearing would be held to determine future obligations. The order required defendant to notify the court and plaintiff's counsel when .defendant returned to work. In a letter dated September 13, 1977, and filed in the circuit court on September 27, 1977, defendant's attorney notified the court that defendant was returning to work. A copy of the letter was addressed to plaintiff's counsel. The record discloses no subsequent action on plaintiff's part until October 11, 1981, when plaintiff filed a petition alleging that defendant owed $15,800 in overdue child support. On November 18, 1982, the circuit court found defendant in arrears in the amount of $11,280. As part of its calculation on the debt, the court retroactively set support at $40 per week owing from the date of July 22, 1977. Defendant was also ordered to pay $638 in attorney fees. From this judgment, defendant appeals.

■ "It is well established that a court's jurisdiction in a dissolution of marriage action is conferred only by statute and it must act within the statutory grant and may not rely upon its general equity powers." (*Garrison v. Garrison* (1981), 99 Ill. App. 3d 717, 720, 425 N.E.2d 518, 521.) In such cases, a court must exercise its authority only within the limits conferred by statute. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 60, 389 N.E.2d 1170, 1172-73.) The procedure for enforcement and modification of judgments regarding dissolution of marriages, including provisions for maintenance and support, is governed by section 511 of the Illinois Marriage and Dissolution of Marriage Act:

> "Sec. 511. Procedure. A judgment of dissolution or of legal separation or of declaration of invalidity of marriage may be enforced or modified by order of court pursuant to petition.

(a) Any judgment entered within this State may be enforced or modified in the judicial circuit wherein such judgment was entered or last modified by the filing of a petition with notice mailed to the respondent at his last known address, or by the issuance of summons to the respondent." Ill. Rev. Stat. 1981, ch. 40, par. 511.

In the instant case, that part of the judgment of dissolution pertaining to child support was last modified by the court order of May 6, 1977, in which defendant's obligation to make payments was suspended. The definite terms of the order directed that defendant's subsequent obligation, and the terms according to which the obligation should be fulfilled, would be determined at a later hearing. The hearing was to take place after the defendant, pursuant to the same order, notified the court and plaintiff's counsel that defendant had returned to work. Defendant returned to work and duly notified the court and plaintiff's counsel of this fact. Despite this notification, plaintiff did not file a petition seeking modification of the order suspending defendant's child support payments for some five years. Having failed to follow the necessary procedure for modification of a support decree, plaintiff would have the circuit court award retroactive child support on equitable grounds.

■■ ■ Plaintiff argues, in effect, that since defendant acknowledged at the hearing of November 18, 1982, that he did in fact have an obligation to pay support during the period from January 24, 1974, until the November 18, 1982, hearing, it was proper for the circuit court to disregard the fact that after May 6, 1977, defendant was not subject to a court order requiring him to pay such support. The transcript of the November 18, 1982, hearing is not a part of the record before us. Nevertheless, plaintiff's argument fails to recognize the fundamental issue. A claim to child support, by definition, can arise only from a court order issued pursuant to a properly filed petition. Such a claim cannot arise from a personal acknowledgment of an ethical obligation. Moreover, a court may not impose such an obligation on equitable grounds. In light of these principles, we cannot agree that the circuit court properly ordered defendant to pay child support owing after the date of May 6, 1977, since the court order entered on that date terminated defendant's legal obligation to make such payments until a subsequent court order would reinstate the obligation. Accordingly, we vacate the judgment of the circuit court.

Judgment vacated.

JONES, J., concurs.

JUSTICE WELCH, dissenting:

The issue in this case is not whether a petition is a prerequisite to an order enforcing or modifying child support payments. It is obvious that it is (Ill. Rev. Stat. 1981, ch. 40, par. 511(a)), and equally obvious that the plaintiff in this case did so. The question presented is instead whether, once such a petition is filed, an award for child support accrued before the date of the petition may be granted under the general procedures outlined in the Illinois Marriage and Dissolution of Marriage Act and under the specific orders entered by the trial court in this case.

It is, of course, routine for a party to whom child support is owed to petition to receive past due child support, and the courts have occasionally granted the petitioner judgment for arrearages accrued long before the filing of the petition. (See *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12 (arrearages dated back to 11 years before the petition was filed).) The only significance of the date of filing the petition is that a court may order retroactive modifications of support payments only to that date. (*In re Marriage of Matzen* (1979), 69 Ill. App. 3d 69, 387 N.E.2d 14; *Dixon v. Dixon* (1977), 45 Ill. App. 3d 934, 360 N.E.2d 486.) The fact that the plaintiff was required to file a petition to institute an action for enforcement or modification or child support, then, does not lead to the conclusion that the jurisdiction invoked by that petition was limited to a grant of support payments accrued after that date. To imply so confuses the issue of the scope of the court's statutory jurisdiction with the issue of the nature of the appropriate remedy under such a petition.

It is proper in Illinois for a court to order support payments to be partially or completely suspended during a period in which the party required to pay support is unable to do so. (*Martinec v. Martinec* (1974), 17 Ill. App. 3d 402, 308 N.E.2d 161 (abstract).) Such an order is impermissible if the date selected by the court for the resumption of payments is arbitrary and unrelated to the party's ability to pay. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785.) In *Martinec*, the court's order provided that the $140 monthly support obligation of the father, who returned to school, would be reduced to $60, while the additional obligation of $80 per month would continue to accrue during that time. When the father completed or terminated his education and became available for full-time employment, the court would determine the extent of the obligation which had accrued to that point.

*Martinec* did not address the precise question presented here, namely, whether the father's return to work or the mother's filing of a petition triggered the resumption of support payments at earlier levels. Nonetheless, the approval of the mechanism used by the trial court in *Martinec* for the temporary reduction of support shows that such a reduction here, being geared to the defendant's return to work and not to an arbitrary future date, was a permissible order. That order provided, in part:

> "that payments are hereby temporarily suspended until the defendant returns to work. Defendant to notify the Plaintiff's attorney through his attorney and the court [*sic*] of his return to work. Upon such notice, a hearing to be held to set future payments based on the circumstances of the parties at that time."

While, in this order, the court certainly contemplated that a hearing would be held after the defendant returned to work, nothing in that order makes either a hearing or the filing of a petition a condition precedent to the resumption of earlier determined support payments. In fact, the order specifically stated that payments were to be "temporarily suspended until the defendant returns to work." At that point, the defendant's support obligations resumed. The trial court so interpreted the wording of this order, and it should be remembered that in matters pertaining to the enforcement and modification of child support, the decision of the trial court should not be disturbed absent an abuse of discretion. (*In re Marriage of Roth* (1981), 99 Ill. App. 3d 679, 426 N.E.2d 246.) In addition to departing from this standard of review, the majority also renders the phrase in the original order "suspended until the defendant returns to work" a nullity.

Consequently, it must be seen that nothing under the Illinois Marriage and Dissolution of Marriage Act prohibits a trial court from entering a judgment for support arrearages accrued before the filing of a petition for enforcement, nor does the Act proscribe the temporary reduction or suspension of support payments until the party obliged to pay is again able to do so. I agree with the trial court that the proper reading of the suspension order is to require the automatic resumption of the defendant's support obligations upon his return to work, instead of continuing to suspend them until a petition is filed or a hearing is held, and I therefore disagree with the majority's conclusion to the contrary. Also, even if I accepted that reasoning, it would not justify vacating the entire order pertaining to child support, and I believe that the majority has given no reason to vacate that portion of the order granting child support in the amount of $40 per week from

October 11, 1981, the date of filing of the petition.

For these reasons, I must respectfully dissent from the decision of the majority.