CLARENCE ALDON BODINE, Respondent-Appellee, *v.* JOAN ELIZABETH BODINE *et al.*, Petitioner-Appellant.

Third District   No. 3—83—0817

Opinion filed September 6, 1984.

Susan Dawson-Tibbits, of Prairie State Legal Services, Inc., of Peoria, for appellant.

Gary T. Rafool, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This appeal is taken by petitioner-appellant, Joan Bodine (now Joan Meginnes), from a judgment of the circuit court of Tazewell County dismissing a petition for a rule to show cause against respondent-appellee, Clarence Bodine. On appeal, petitioner argues that the trial court's decision to dismiss the petition for rule to show cause is against the manifest weight of the evidence. For the following reasons, we reverse the trial court's decision.

The parties' marriage was dissolved on August 18, 1976. Custody of their two minor children was awarded to petitioner subject to respondent's visitation rights. Prior to the dissolution, respondent purchased a trailer for residential use by petitioner and the children. The dissolution decree provided that respondent was to continue making payments on a loan for the trailer and in lieu of paying child support directly to respondent, $40 per week of the amount of the loan payment was to be credited as child support until the loan was paid off, whereupon he was to pay directly to petitioner the sum of $20 per week per child until each child attained the age of 18 years or was emancipated.

Subsequent to the dissolution of marriage, petitioner married William Kline, and she and the children moved from the trailer. In February 1977, petitioner requested respondent consent to an adoption of the parties' children by herself and Kline. Subsequently, respondent agreed to the adoption, appeared *ex parte* before a judge, and executed the consent. However, no decree of adoption was ever entered.

In January 1979, petitioner caused a criminal nonsupport action to be brought against respondent by the State's Attorney's office which was thereafter dismissed. On June 8, 1979, the parties' youngest child died. He was buried in the Kline family plot with the name "Joseph Kline" on the tombstone on his grave. The death certificate, however, lists the child's name as "Joseph Bodine." The marriage of petitioner and Kline was dissolved in January 1981. The following July, petitioner commenced this action by filing a petition for rule to show cause and for modification of decree for divorce. The petition asked for a rule to show cause against respondent for his failure to pay child support and also for an order which would increase his child-support obligation. Respondent answered, asserting that his execution of the consent for adoption was a defense to the rule to show cause.

At a subsequent hearing, petitioner testified, *inter alia*, that prior to her remarriage, respondent visited their children at least once a week; however, after her remarriage he stopped seeing them on a

regular basis. She also testified that respondent required her to sign papers divesting any interest she may have had in the trailer to him before he would sign the consent. She further stated respondent told her that the judge whom he had appeared before to sign the consent had told respondent that until the adoption was finalized, respondent still had an obligation to support the children. Petitioner stated that about a month after the adoption was to have become final, she notified respondent that the adoption was not going to be completed, and since that time she has made numerous requests of respondent to pay child support.

Respondent testified he did not tell petitioner that the judge had told him that signing the consent would not relieve him of his duty to support the children, but in fact the judge told him he had no further parental rights or duties after signing the consent and it would be as if he had no children at all. He stated he saw the children regularly before signing the consent, but based on what the judge had told him he did not see the children again because he felt he did not have the right to do so. He also testified that petitioner never asked him specifically for child support, and he denied asking her to sign the title of the trailer over to him before he would sign the consent.

The trial court found the existence of an agreement between the parties such that petitioner would forego claims for child support in return for respondent's refraining from exercising his visitation rights and his execution of the consent for the adoption. The trial court further found that respondent had performed his part of the bargain and ruled that his obligation to pay child support had been extinguished. The petition for rule to show cause was dismissed and the petition to increase child support denied.

It is the general rule in Illinois that child support payments become a vested right as they accrue and cannot be unilaterally terminated by the party paying the support. (*Matzen v. Matzen* (1979), 69 Ill. App. 3d 69, 387 N.E.2d 14.) Modification of child support payments is a judicial function which is to be administered solely by the court and at its discretion. (*Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 390 N.E.2d 488.) In *Matzen*, we stated the exceptions to this general rule as follows: "In the proper case, however, courts will give effect to an agreement between the parties to waive or reduce payments, or courts will apply the doctrine of equitable estoppel." (*Matzen v. Matzen* (1979), 69 Ill. App. 3d 69, 72, 387 N.E.2d 14, 16.) In the present case, it is petitioner's contention that the parties never entered into an agreement whereby she waived payments and that the defense of equitable estoppel does not apply.

First, with respect to an agreement to waive support payments, respondent argues that there was such an agreement, *i.e.*, he signed the consent for the adoption in return for petitioner's waiving future support payments. In support of this contention, respondent relies primarily on *Anderson v. Anderson* (1964), 48 Ill. App. 2d 140, 198 N.E.2d 342. While there are some factual similarities between *Anderson* and the present case, we are not persuaded by the *Anderson* court's ruling because it was not a ruling as to whether or not there actually was an agreement. The court remanded the case because the trial court had *sua sponte* entered a contempt order, while the petitioner had only sought a judgment for alleged arrearages.

A review of the record in the present case fails to disclose any agreement between the parties as would allow respondent to forego paying his support obligation. The trial court erred in finding such an agreement, which was against the manifest weight of the evidence.

Second, with respect to respondent's equitable estoppel defense, a different situation arises. Equitable estoppel occurs where the voluntary conduct of one party precludes that party from asserting rights against another person who has, in good faith, relied upon such conduct to change his position for the worse. (*Matzen v. Matzen* (1979), 69 Ill. App. 3d 69, 387 N.E.2d 14.) The test to determine the applicability of equitable estoppel is whether the conduct of the petitioner-mother, as shown by all the circumstances of the case, was sufficient to justify the conclusion that the enforcement of the decree as to unpaid support would be unjust and inequitable to the respondent-father. *Martin v. Comer* (1975), 25 Ill. App. 3d 1038, 324 N.E.2d 240.

It appears that in those cases which have allowed an equitable credit against support arrearages, the essential element of detrimental reliance was present, *i.e.*, the court found that the respondent-father relied upon the petitioner-mother's conduct indicating her willingness to give up or modify her right to custody or support. See *Strum v. Strum* (1974), 22 Ill. App. 3d 147, 317 N.E.2d 59; *Martin v. Comer* (1975), 25 Ill. App. 3d 1038, 324 N.E.2d 240.

In the present case, respondent contends that by signing the consent to the adoption, he ceased visitation with his children, which was to his detriment. He also argues that petitioner is estopped because she never brought up the issue of child support in any conversations between the parties. As to this latter argument first, equitable estoppel cannot be created based on the sole fact of the petitioner's failure to make a demand for child support upon the respondent. (*Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 390 N.E.2d 488.) As to the former argument, upon remand the trial court may find some det-

rimental reliance from the time of the signing of the consent to some later point in time; however, once respondent received notice that the adoption proceedings were never completed, he could no longer be expected not to exercise his visitation rights.

Finally, it should be noted that an adoption will not relinquish a natural parent's obligation to support the child if the adoptive parent is unable to do so. (*Dwyer v. Dwyer* (1937), 366 Ill. 630, 10 N.E.2d 344.) Respondent argues that this no longer reflects the law in Illinois. We disagree. Respondent contends that *Dwyer* applied to the adoption statute only as it was written at the time of that case, but that it no longer applies to the present adoption statute. The recent case of *In re Adoption of Schumacher* (1983), 120 Ill. App. 3d 50, 458 N.E.2d 94, in discussing the present adoption statute stated that a "natural parent may be required to support the child if the adoptive parent is unable to do so. ***" Respondent's claim that this statement was *obiter dicta* in the *Schumacher* case does not refute it as the law in Illinois. Respondent has failed to provide any authority to the contrary. Since this is the present law with regard to completed adoptions, no less can be said for the mere signing of a consent to an adoption.

For all of the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BARRY and HEIPLE, JJ., concur.