*In re* MARRIAGE OF GAIL KAUFMAN, Petitioner-Appellant, and HAROLD KAUFMAN, Respondent-Appellee.

First District (2nd Division)   No. 1—97—4553

Opinion filed September 29, 1998.

Joel Ostrow, of Chicago, for appellant.

Kalcheim, Schatz & Berger, of Chicago (Sharon L. Baker, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Pursuant to a judgment of dissolution, Harold Kaufman was ordered to pay Gail Kaufman spousal maintenance. Between January of 1991 and April of 1994, Harold encountered financial difficulties due to a substantial reduction in his income and was unable to make full payments. However, he made partial payments at Gail's attorney's

request. In May of 1994 after withdrawing funds from his pension and incurring penalties, Harold made a lump-sum payment for all past-due amounts.

Thereafter, Gail petitioned for interest accruing from the late payments. Following a hearing, the trial court denied the petition, holding that the equities did not support an award of interest.

The sole issue before this court is whether section 2—1303 of the Code of Civil Procedure (735 ILCS 5/2—1303 (West 1996) (statutory section authorizing interest on judgments)) is mandatory in dissolution proceedings or whether an award of interest is within the discretion of the trial court. On appeal, Gail contends that interest is mandatory pursuant to section 2—1303 and that the supreme court's decision in *Finley v. Finley*, 81 Ill. 2d 317 (1980), does not control because it applies only to child support payments. Further, she contends that even if *Finley* does apply, it no longer controls because the legislature enacted section 505(d) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/505(d) (West 1996)) in response thereto, which now makes interest mandatory. We disagree with both positions and affirm.

## ANALYSIS

### STANDARD OF REVIEW

■ The facts are undisputed and, therefore, the issue before us is a question of law. We review questions of law *de novo. Branson v. Department of Revenue*, 168 Ill. 2d 247, 265 (1995).

### FINLEY v. FINLEY

■ Section 2—1303 provides: "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." 735 ILCS 5/2—1303 (West 1996). This language is clear and unambiguous.

Nevertheless, in *Finley v. Finley*, 81 Ill. 2d 317, 331 (1980), our supreme court has held that section 2—1303 does not apply to dissolution actions. The court noted that there was a split of authority on the issue. Some appellate court cases had held that the award of interest was within the sound discretion of the dissolution judge. See *Sutton v. Lieb*, 199 F.2d 163 (7th Cir. 1952) (applying Illinois law); *Matzen v. Matzen*, 69 Ill. App. 3d 69 (1979); *In re Estate of Neirinck*, 62 Ill. App. 3d 189 (1978); *Atwater v. Atwater*, 18 Ill. App. 3d 202 (1974); *Anderson v. Anderson*, 48 Ill. App. 2d 140 (1964); *Kaifer v. Kaifer*, 286 Ill. App. 433, 439-40 (1936). Conversely, other appellate court decisions had held that interest was recoverable on dissolution judgments because they too were money judgments. See *Ellingwood v. Ellingwood*, 25 Ill.

App. 3d 587 (1975); *Neeland v. Neeland*, 17 Ill. App. 3d 803 (1974); *Gregory v. Gregory*, 52 Ill. App. 2d 262 (1964); *Shuff v. Fulte*, 344 Ill. App. 157 (1951); *Wadler v. Wadler*, 325 Ill. App. 83 (1945).

After recognizing the split and analyzing other supreme court cases, the Illinois Supreme Court stated:

> "This court has held that a divorce proceeding partakes so much of the nature of a chancery proceeding that it must be governed to a great extent by the rules that are applicable thereto. (*Bremer v. Bremer* (1954), 4 Ill. 2d 190, 192.) In a chancery proceeding, the allowance of interest lies within the sound discretion of the trial judge and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity. (*Galler v. Galler* (1975), 61 Ill. 2d 464, 474; *Groome v. Freyn Engineering Co.* (1940), 374 Ill. 113, 131; *Duncan v. Dazey* (1925), 318 Ill. 500, 527; *McKey v. McCoid* (1921), 298 Ill. 566, 572.) As stated in *Groome*, 'In a proper case, equitable considerations permit a court of equity to allow or disallow interest as the equities of the case may demand.' (374 Ill. 113, 131.) We therefore conclude that the allowance of interest on past-due periodic support payments is not mandatory as contended by the plaintiff, but lies within the sound discretion of the trial judge, whose determination will not be set aside absent an abuse of that discretion." *Finley*, 81 Ill. 2d at 332.

Accordingly, *Finley* decided the split of authority and held that, in dissolution proceedings, section 2—1303 is not mandatory but the award of interest is instead within the discretion of the trial court.

Three appellate court cases subsequent to *Finley* have followed its reasoning. See *In re Marriage of Ahlness*, 229 Ill. App. 3d 761, 763 (4th Dist. 1992) (citing *Finley* and stating *Finley* should be given broad application in dissolution proceedings); *Robinson v. Robinson*, 140 Ill. App. 3d 610, 612 (1st Dist. 2d Div. 1986) ("in the context of a divorce proceeding, the provisions of section 2—1303 are not mandatory, but rather the allowance of interest is within the sound discretion of the trial court"); *In re Marriage of Bjorklund*, 88 Ill. App. 3d 576, 580-81 (1st Dist. 1st Div. 1980) (following and citing *Finley*; interest on delinquent child support payments is discretionary based on the equities).

However, the next time the first division of the first district encountered the issue in *In re Marriage of Morris*, 190 Ill. App. 3d 293, 297 (1989), it held that *Finley* was applicable only to "past-due periodic child support" payments and not to a property settlement payment. The majority in *Morris* did not mention the prior decision in *Bjorklund*. When the first division next addressed the issue in *In re Marriage of Sunko*, 237 Ill. App. 3d 996, 1001 (1992), a case involving

late payment of a share of marital property, it followed *Morris*. The second district has also found that interest is mandatory under section 2—1303 upon late payment of property settlements in *In re Marriage of Sloane*, 255 Ill. App. 3d 653 (1994).

Although *Sloane* and *Morris* attempt to narrow the scope of *Finley*, we find their basis unconvincing. It is not the specific type of award the trial court makes that is crucial to the court's rationale in *Finley* but, instead, it is the character and nature of the entire dissolution action. The fact that dissolution proceedings are equitable in nature is the critical factor. After analyzing these cases, we conclude that they construe *Finley* too narrowly. They limit *Finley* to the type of award that was at issue. *Finley*, however, does not contain such restrictive language. Rather, its scope is broad. It states that because a divorce proceeding partakes so much of the nature of a chancery proceeding, it must be governed by the same rules. In making this statement, the *Finley* court cited to and quoted from *Bremer v. Bremer*, 4 Ill. 2d 190 (1954), which cited to an earlier supreme court case, *Bowman v. Bowman*, 64 Ill. 75, 81 (1872). Clearly, that rules of equity apply to divorce proceedings is a clear and long-standing rule of law.

We agree with and find persuasive Justice Quinlan's dissent in *Morris* where he stated:

"[T]he supreme court specifically found that section 2—1303 did not apply at all to divorce proceedings since divorce proceedings were in the nature of a chancery proceeding and not similar to actions at law." *Morris*, 190 Ill. App. 3d at 299 (Quinlan, J., dissenting).

"[I]t is [not] the prerogative of the appellate court to limit a supreme court's decision to its particular facts merely because it does not find that court's ruling particularly compelling. Rather, we, as an intermediate court of review, are required to apply such precedent to all those situations where the ruling is reasonably applicable." *Morris*, 190 Ill. App. 3d at 299 (Quinlan, J., dissenting).

Based upon the broad language of *Finley*, *Bremer*, and *Bowman*, we conclude that the clear weight of authority favors a finding that allowance of interest on all dissolution judgments is within the discretion of the trial court.

## SECTION 505(D)

■ Gail also relies on section 505(d) as support for her contention that interest on dissolution awards is mandatory. She does so, however, without discussion or analysis. Section 505(d) states:

"Any new or existing support order entered by the court under this Section shall be deemed to be a series of judgments against the person obligated to pay support thereunder, each such judgment to

be in the amount of each payment or installment of support and each such judgment to be deemed entered as of the date the corresponding payment or installment becomes due under the terms of the support order. Each such judgment shall have the full force, effect and attributes of any other judgment of this State, including the ability to be enforced. A lien arises by operation of law against the real and personal property of the noncustodial parent for each installment of overdue support owed by the noncustodial parent." 750 ILCS 5/505(d) (West Supp. 1997).

Gail's reliance on this provision is misplaced. First, nowhere in this paragraph does the term "interest" appear. Nor is there any reference from which one could infer that interest is at issue. In interpreting a statute, "we must focus on the language of the statute itself. [Citation.] Legislative intent is the controlling inquiry in construing a statute, and the statutory language is the best indication of that intent." *Boaden v. Department of Law Enforcement*, 267 Ill. App. 3d 645, 651 (1994), *aff'd*, 171 Ill. 2d 230 (1996). We cannot read words into a statute that are not there. *Illinois Wood Energy Partners, L.P. v. County of Cook*, 281 Ill. App. 3d 841, 850 (1995).

Although section 505(d) (750 ILCS 5/505(d) (West Supp. 1997)) states that each dissolution judgment "shall have the full force, effect and attributes of any other judgment of this State," not all judgments in this state are subject to mandatory interest. In particular, our supreme court has stated that an "attribute" of dissolution judgments is that they are subject to discretionary interest.

Further, it is crystal clear that the legislature, in adding paragraph (d), did not contemplate or have in mind the issue of interest on dissolution judgments. The only reason the legislature added this paragraph was to comply with federal law so that the State of Illinois would not lose millions of dollars. See 85th Ill. Gen. Assem., Senate Proceedings, April 2, 1987, at 12; 85th Ill. Gen. Assem., Senate Proceedings, April 9, 1987, at 30; 85th Ill. Gen. Assem., Senate Proceedings, April 9, 1987, at 32-33; 85th Ill. Gen. Assem., Senate Proceedings, May 1, 1987; at 6; 85th Ill. Gen. Assem., House Proceedings, April 29, 1987, at 47-48 (stating that the bill was designed to put Illinois in compliance with federal law and to prevent the loss of $21 million; also stating that the purpose of the bill was to prevent retroactive reduction of child support payments and to prevent fathers in arrearage from going to another state and having a court there wipe out the arrearage). See also Ill. Ann. Stat., ch. 38, par. 505, Supplement to Historical & Practice Notes, at 179 (Smith-Hurd Supp. 1992) ("Subsection [d] was enacted in response to the federal mandate *** to require states to have provisions of this kind in its law as a precondi-

tion to receiving federal assistance. The federal law in requiring these procedures sought to prohibit retroactive modification of child support arrearages and thereby increase the effectiveness of the states' child support enforcement programs"); *In re Marriage of Hawking*, 240 Ill. App. 3d 419, 422 (1992) (federal mandate prompted the legislature to add subsection (d) of section 505; purpose was to improve child support enforcement).

Accordingly, the language of section 505(d) does not support Gail's position that *Finley* is no longer controlling law.

## CONCLUSION

Based on the foregoing, we hold that the trial court properly concluded that the award of interest upon a dissolution award, in particular, the spousal maintenance award in the instant case, was within its discretion and not mandatory under section 2—1303. Accordingly, we affirm the trial court's decision.

Affirmed.

GORDON, P.J., and COUSINS, J., concur.