*In re* MARRIAGE OF ROXANNE SEMONCHIK, Petitioner-Appellant, and JAMES W. SEMONCHIK, Respondent-Appellee.

First District (6th Division)   Nos. 1—98—3258, 1—98—3665 cons.

Opinion filed June 30, 2000.

Allen S. Gerrard, of Chicago, for appellant.

David A. Novoselsky and Linda A. Bryceland, both of David A. Novoselsky & Associates, of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

On May 13, 1997, respondent James Semonchik, filed a motion to modify support payments payable to petitioner Roxanne Semonchik pursuant to a judgment of dissolution of marriage. The basis of the motion to modify was respondent's unemployment. On November 12, 1997, respondent voluntarily dismissed the motion to modify. On December 3, 1997, respondent filed a motion to vacate the voluntary dismissal, and on February 2, 1998, the trial court denied respondent's motion. On February 20, 1998, respondent filed a "supplemental" motion to modify support payments once again alleging unemployment. On April 3, 1998, the trial court granted respondent's "supplemental" motion and abated his support obligation retroactive to February 20, 1998, the filing date of the "supplemental" motion. Respondent filed a motion to reconsider asking the trial court to abate the arrearage retroactive to May 13, 1997, the filing date of the first motion. On July 27, 1998, the trial court granted respondent's motion to reconsider, vacated its order of April 3, 1998, and abated respondent's support obligation retroactive to May 13, 1997. Petitioner now appeals that order.

On May 21, 1998, petitioner filed a petition to set family support alleging that respondent had found gainful employment. On August 31, 1998, the trial court entered an order on petitioner's petition holding that: respondent was to pay $2,275 per month in unallocated family support for 17 months and that, after the termination of petitioner's maintenance rights, respondent was to pay $1,294 per month as child support until the children attained age 18 or other factors under the order were met. Respondent cross-appeals and argues that the trial court abused its discretion in extending the length of support payments 17 months beyond the period set forth in the parties' marital settlement agreement.

## STATEMENT OF FACTS

Petitioner and respondent were married on May 17, 1980. A judg-

ment for dissolution of the marriage of petitioner and respondent was entered on October 31, 1995. At that time, the parties had two children, Evan and David, both born on January 12, 1985. The judgment for dissolution of marriage incorporated the terms of a marital settlement agreement pursuant to which respondent was to pay petitioner $3,500 per month for unallocated child support and maintenance. The payments were to continue until October 1, 1998, unless terminated sooner pursuant to paragraph 3.1.B. of the marital settlement agreement. In the event that payments were terminated as provided under paragraph 3.1.B., respondent was required to pay $2,000 per month as child support for the minor children until their emancipation.

On May 13, 1997, respondent filed a motion to modify support alleging that a substantial change in circumstances had occurred. Respondent alleged that his employment had been terminated as of May 23, 1996, and that his one-year severance package, which extended his salary and benefits, was set to expire on May 23, 1997. He alleged that he had not yet secured new employment and that petitioner, while only employed part-time at the time of the dissolution of marriage, was now employed full-time. Respondent, therefore, requested that his support obligations be modified.

On June 24, 1997, petitioner filed a petition to review the joint parenting order, requesting that the court review the issue of visitation.

On August 25, 1997, an agreed order was entered resetting the hearing on the motion to modify to September 8, 1997. On September 8, 1997, the hearing was again extended and scheduled for November 13, 1997.

On November 12, 1997, respondent filed an emergency motion to continue the hearing set for November 13, 1997. The emergency motion was supported by an affidavit of respondent's counsel. The motion averred that counsel spoke with respondent on November 7, 1997, and respondent informed counsel that he was going to be out of town on vacation on November 12, 1997, and that his plans were "noncancellable." The trial court denied respondent's emergency motion for continuance, and respondent's counsel orally moved to voluntarily dismiss the motion to modify support. The trial court granted respondent's motion to voluntarily dismiss, struck the hearing date of November 13, 1997, on petitioner's petition to review the joint parenting agreement and set a status date on petitioner's petition for December 2, 1997.

On December 3, 1997, respondent filed a motion to vacate the voluntary dismissal and asked the court to reinstate his petition to modify support. On December 16, 1997, petitioner filed a response to respondent's motion to vacate.

On January 13, 1998, petitioner filed a petition for rule to show cause and other relief alleging that since June 1997 respondent had paid only $2,016 in support and, as respondent was required to pay $3,500 per month pursuant to the judgment of dissolution, respondent had failed to make $22,750 in support payments.

On February 2, 1998, the trial court denied respondent's motion to vacate his voluntary dismissal and ordered that a rule to show cause issue against respondent returnable on February 25, 1998.

On February 20, 1998, prior to the hearing on the rule to show cause, respondent filed a "supplemental" motion to modify support. Hearings were held on the petition for rule to show cause and on the "supplemental" motion to modify support on March 30 and 31.

Thereafter, on April 3, 1998, the trial court made a number of findings. The trial court found that respondent's failure to make his support payments was not contemptuous because he was unemployed and had no ability to pay. In addition, the court found that as a result of respondent's unemployment, there existed a substantial change in circumstances warranting the modification of support obligation. However, the court also found a support arrearage of $29,236.03. Consequently, the court denied petitioner's petition for rule to show cause and granted respondent's "supplemental" motion for modification of support. The court abated respondent's support obligation retroactive to February 20, 1998, the filing date of the "supplemental" motion. The court also set a status date for respondent to report on his job search. Judgment was entered against respondent and in favor of petitioner in the amount of $29,236.03, the total amount of arrearage as of February 20, 1998.

On May 1, 1998, respondent filed a motion for reconsideration pursuant to section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1996)). Respondent asked the court to reconsider its ruling on the retroactivity of the modification order. Respondent asserted that the trial court previously denied his motion to vacate the voluntary dismissal of the first motion to modify support in the mistaken belief that it did not have the authority to do so and, as a result, could not modify the support obligations to coincide with the filing date of the first motion to modify, May 13, 1997, but could only abate the arrearage from the date of the filing of the "supplemental" motion to modify, February 20, 1998. Respondent argued that the court did have the authority to vacate the dismissal under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)). The court took the matter under advisement.

On May 21, 1998, petitioner filed a petition to reestablish maintenance and child support alleging that respondent had found a job beginning May 18, 1998.

On July 27, 1998, the court granted respondent's motion for reconsideration of the April 3, 1998, order and vacated that order. The court granted respondent's motion to modify and held that his support obligation should be abated retroactive to the date of the filing of the first motion to modify, May 13, 1997. The court found no just reason to delay enforcement or appeal of that order. Petitioner filed a timely notice of appeal on August 24, 1998.

On August 31, 1998, the trial court granted petitioner's petition to set family support ordering that respondent pay $2,275 for unallocated family support for 17 months commencing September 1998 and continuing through January 2000 unless terminated as provided for in the judgment of dissolution. The order further provided that, upon termination of petitioner's maintenance rights, respondent was required to pay $1,294 for child support until the parties' children attained the age of 18 or graduated from high school, but in no event longer than their nineteenth birthday. Respondent cross-appeals from the August 31, 1998, order.

## DISCUSSION

Petitioner contends that the trial court erred in ordering an abatement of accrued support obligations retroactive to a time prior to the filing date of respondent's "supplemental" motion to modify. Petitioner argues that the trial court did not have authority to vacate respondent's voluntary dismissal of the May 13, 1997, motion. Therefore, petitioner asserts that the "supplemental" motion was a new action and the trial court could only abate support obligations retroactive to its filing date, i.e., February 20, 1998. We agree with petitioner.

■ The only authority for a court to make a modification of an order of support or maintenance obligations is pursuant to the power vested in it by the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act) (750 ILCS 5/101 et seq. (West 1998)). Section 510(a) of the Marriage Act gives the court the power to make retroactive modifications only to the notice date of the filing of the motion to modify. Section 510(a) provides:

"510. Modification and termination of provisions for maintenance, support, educational expenses, and property disposition.

(a) Except as otherwise provided in paragraph (f) of Section 502 and in subsection (d), clause (3) of Section 505.2, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification and, with respect to maintenance, only upon a showing of a substantial change in circumstances." (Emphasis added.) 750 ILCS 5/510 (West 1998).

Thus, in order to determine the notice date for purposes of calculating the support amount subject to retroactive abatement, we must determine which of the two motions to modify filed by respondent is the operative motion.

That brings us to the issue of whether respondent's voluntary dismissal of his first motion to modify filed on May 13, 1997, was properly vacated. We note that although the parties argue the authority of the trial court to vacate respondent's voluntary dismissal of the May 13, 1997, motion to modify, the trial court never expressly vacated the voluntary dismissal. With its July 27, 1998, order, the trial court did two things: it vacated its order of April 3, 1998, which granted respondent's February 20, 1998, supplemental motion to modify and abated arrearage retroactive to February 20, 1998; and it granted respondent's May 13, 1997, motion to modify and abated arrearage retroactive to May 13, 1997. Arguably, the trial court implicitly vacated the voluntary dismissal when, by its order of July 27, 1998, it granted respondent's May 13, 1997, motion. Thus, the question is whether the trial court had the authority on July 27, 1998, to implicitly revisit its previous denial of respondent's motion to vacate the voluntary dismissal of the May 13, 1997, motion to modify.

Petitioner contends that the trial court did not have the authority to vacate respondent's voluntary dismissal of the May 13, 1997, motion to modify. We agree.

Respondent argued in his motion for reconsideration that the trial court had the authority to vacate the voluntary dismissal pursuant to Supreme Court Rule 304(a), which provides in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 73 Ill. 2d R. 304(a).

Respondent contended that because multiple claims were present (*i.e.*, his supplemental motion to modify petitioner's petition to review the joint parenting agreement and petitioner's rule to show cause), the court's order was subject to revision pursuant to Rule 304(a) at any time before the entry of judgment adjudicating all the claims.

We find, however, that there is no merit to respondent's argument that Rule 304(a) applies in this case. This case does not involve

multiple parties, and contrary to respondent's assertion, this case does not involve multiple claims. "[I]ssues raised in a dissolution-of-marriage case are not separate claims and therefore not appealable under Rule 304(a)." *In re Marriage of Leopando*, 96 Ill. 2d 114, 120 (1983). Indeed, "[a] petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage." *In re Marriage of Leopando*, 96 Ill. 2d at 119. Here, the judgment of dissolution was entered on October 31, 1995. That order did not reserve any issues for later determination and was, therefore, final and appealable itself.

Thereafter, when respondent filed his motion to modify support on May 13, 1997, he initiated a new proceeding. Motions for modification of a dissolution judgment are new proceedings and effectively pleadings. See *In re Marriage of Sutherland*, 251 Ill. App. 3d 411 (1993); *In re Marriage of Zukausky*, 244 Ill. App. 3d 614 (1993); *In re Marriage of Sipich*, 80 Ill. App. 3d 883 (1980). On November 12, 1997, respondent voluntarily dismissed his first motion to modify support. He filed his motion to vacate the voluntary dismissal on December 2, 1997, and it was denied by the trial court on February 2, 1998. We find that at that point, when the trial court denied respondent's motion to vacate, respondent faced a final and appealable order. See *Noakes v. National R.R. Passenger Corp.*, 312 Ill. App. 3d 965, 967 (2000) (wherein this court held that a plaintiff who voluntarily dismisses his case faces a final and appealable order upon the trial court's denial of his motion to vacate or otherwise reopen his case). Respondent failed to challenge the judgment within 30 days pursuant to section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1996)), and he failed to timely appeal to this court. Therefore, we conclude that, after the expiration of 30 days, respondent lost his right to challenge the denial of his motion to vacate the voluntary dismissal. See *Noakes*, 312 Ill. App. 3d at 967. Accordingly, the denial of the motion to vacate the voluntary dismissal stands, and the May 13, 1997, motion to modify remains dismissed.

Indeed, rather than challenge the trial court's denial of his motion to vacate the voluntary dismissal, respondent chose to file a "supplemental" motion to modify on February 20, 1998. Respondent had the right to do so pursuant to section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1996)), which provides that a plaintiff who voluntarily dismisses an action has the right to commence a new action within one year or within the remaining period of limitation, whichever is greater. The filing of this new action on February 20, 1998, triggered the court's authority to make retroactive abatements in accrued support obligations pursuant to section 510(a) of the Mar-

riage Act, and it is that filing date which controls the extent of the court's authority.

■ For the reasons stated above, because the trial court did not have jurisdiction to revisit the issue of the motion to vacate the voluntary dismissal of the May 13, 1997, motion to modify, the court's order of July 27, 1998, which granted respondent's previously dismissed motion to modify and abated support arrearage retroactive to its filing date, May 13, 1997, is hereby reversed.

## PETITIONER'S PETITION TO REESTABLISH SUPPORT OBLIGATION

■ Respondent cross-appeals and argues that the trial court abused its discretion when it acted in a manner contrary to the clear and unambiguous language of the parties' marital settlement agreement and extended respondent's support obligation beyond the time period agreed upon by the parties.

The determination of modification of support lies within the sound discretion of the trial court and will not be set aside absent an abuse of discretion. 750 ILCS 5/505(a)(3) (West 1998); *In re Marriage of Davis*, 287 Ill. App. 3d 846, 852 (1997); *In re Marriage of Carpenter*, 286 Ill. App. 3d 969, 973 (1997).

Under the marital settlement agreement, respondent was to pay petitioner $3,500 per month for unallocated child support and maintenance until October 1, 1998, unless terminated sooner pursuant to paragraph 3.1.B. of the agreement. In the event payments were terminated, respondent was obligated to pay $2,000 per month as child support for the minor children until their emancipation. Petitioner filed a motion to reestablish maintenance and support and on August 31, 1998, the trial court granted petitioner's motion and ordered that respondent pay $2,275 for unallocated family support for 17 months commencing September 1998 and continuing through January 2000, unless terminated as provided for in the judgment of dissolution. The order further provided that, upon termination of petitioner's maintenance rights, respondent was required to pay $1,294 for child support until the parties' children attained the age of 18 or graduated from high school, but in no event longer than their nineteenth birthday.

Respondent relies on *In re Marriage of Tucker*, 223 Ill. App. 3d 671 (1992), and *In re Marriage of Mateja*, 183 Ill. App. 3d 759 (1989), and contends that where the parties clearly and unambiguously limit the duration of maintenance the trial court is without discretion to modify it. Respondent argues that because the parties agreed that respondent's obligation to pay unallocated child support and mainte-

nance would terminate on October 1, 1998, unless terminated sooner by the terms of the agreement, the trial court abused its discretion in extending respondent's obligation beyond the time agreed upon.

However, where a marital settlement agreement contains an unallocated combination of child support and taxable maintenance payment, that payment is subject to the statutory right to modification contained in the Marriage Act. *In re Marriage of Steadman*, 283 Ill. App. 3d 703 (1996); *In re Marriage of Gleason*, 266 Ill. App. 3d 467, 468 (1994). This is so even where the agreement contains a nonmodification clause. *In re Marriage of Steadman*, 283 Ill. App. 3d 703 (1996); *In re Marriage of Gleason*, 266 Ill. App. 3d 467, 468 (1994). Therefore, although parties to a dissolution of marriage settlement agreement may negotiate that maintenance payments be nonmodifiable, where the parties choose to lump maintenance in with child support, creating an "unallocated" support payment, that "unallocated" support payment is, by statute, modifiable.

Accordingly, we affirm the court's August 31, 1998, order.

## CONCLUSION

For the foregoing reasons, we hereby reverse the trial court's order of July 27, 1998, and affirm the court's order of August 31, 1998.

Reversed in part; affirmed in part.

ZWICK, P.J., and O'BRIEN, J., concur.