T.C. Summary Opinion 2008-46

UNITED STATES TAX COURT

MARILYN L. RAGA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 821-07S.                    Filed April 29, 2008.

<u>Jeffrey W. Brend</u> and <u>Gregory A. Papiernik</u>, for petitioner.

<u>Karen L. Baker</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $5,097 in petitioner's Federal income tax for 2004. The sole issue for decision is whether $21,450 petitioner received in 2004 is includable in her gross income as alimony.

## Background

All of the material facts have been stipulated. Petitioner resided in Illinois at the time she filed her petition.

Petitioner was married to Dennis Raga (Mr. Raga) in 1992 and had two children during that marriage. She filed for divorce on December 31, 2003. A temporary order was entered in the divorce action on February 2, 2004, directing Mr. Raga to pay petitioner $450 per week until further notice. On March 10, 2004, orders of continuance were entered in the divorce action ordering Mr. Raga to "continue to pay $450.00 per week as unallocated maintenance and child support". A judgment for dissolution of marriage (divorce decree) was entered in June 2004. The divorce decree provides in relevant part:

### ARTICLE III

### MAINTENANCE

3.1 Dennis agrees to waive any claim for maintenance from Marilyn and further acknowledges that he forever waives any right to maintenance from Marilyn.

3.2 Dennis further agrees to pay to Marilyn as and for unallocated support and maintenance the sum of $450.00 per week for a period of 30 months following the entry of an order for the Dissolution of their Marriage in the Circuit Court of Cook County, Illinois.

3.3 Marilyn agrees to accept the unallocated support referred to in paragraph 3.2 above and further agree [sic] that unallocated support shall terminate at the expiration of 30 months as described above, that the issue of maintenance shall not be reviewable as to Marilyn and that after the 30 month period, that Dennis shall thereafter pay child support in the statutory amount then in effect with regard to his actual income at that time.

ARTICLE IV

SUPPORT

4.1 Dennis shall pay to Marilyn as and for unallocated support for Marilyn and the children the sum of $450.00 per week for a period of 30 months following the entry of an order for the Dissolution of their Marriage in the Circuit Court of Cook County, Illinois. This unallocated support shall terminate at the expiration of 30 months following the entry of an order for the dissolution of their marriage. Thereafter, Dennis shall pay child support in the statutory amount then in effect.

4.2 Dennis' obligation to pay child support as described herein shall terminate upon the emancipation of [the younger child]. * * *

The divorce decree does not state whether Mr. Raga's payments are includable in petitioner's gross income under section 71. It does not state that the unallocated support payments from Mr. Raga will terminate upon the death of petitioner or Mr. Raga. The divorce decree grants petitioner and Mr. Raga joint legal custody of their children.

During 2004 petitioner received payments from Mr. Raga totaling $21,450. The Illinois State Disbursement Unit classified the payments as child support. Petitioner did not

report receipt of any alimony on her 2004 Federal income tax return.

## Discussion

The parties dispute whether the payments petitioner received from Mr. Raga in 2004 are alimony or child support.  Section 71(a) provides for the inclusion in income of any alimony or separate maintenance payments received by an individual during his or her taxable year.  Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if--

>    (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

>    (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

>    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

>    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Section 71(c)(1) provides that the general inclusion rule under section 71(a) "shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse."

Amounts payable under a divorce decree will not be treated as child support for purposes of section 71(c) unless specifically designated as such in the document.  See, e.g., Berry v. Commissioner, T.C. Memo. 2005-91.

Under section 71(b)(1)(D), if the payor is liable for any qualifying payment after the recipient's death, none of the related payments required will be alimony deductible by the payor and includable in income by the payee.  See Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163. Whether a postdeath obligation exists may be determined by the terms of the divorce or separation instrument or, if the instrument is silent on the matter, by State law.  Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940); see also Kean v. Commissioner, supra.

The divorce decree does not explicitly state that payments terminate upon the death of petitioner.  Thus, we look to Illinois State law to determine whether the payments would terminate upon petitioner's death by operation of law.  Illinois law does not specifically address whether an obligation to pay unallocated maintenance and support terminates upon the death of the payee spouse.  However, section 510(c) of the Illinois Marriage and Dissolution of Marriage Act provides that, in the absence of a written agreement approved by the court, "the obligation to pay future maintenance is terminated" upon the

death, remarriage, or cohabitation of the recipient. 750 Ill. Comp. Stat. Ann. 5/510(c) (West 1999).

The parties dispute whether the payments at issue meet the requirement of section 71(b)(1)(D). Petitioner contends that because Mr. Raga was required to make unallocated support and maintenance payments to her for a definite period of 30 months and because an undefined portion of those payments was child support, those payments would not cease under Illinois State law upon her death. Petitioner contends further that, although Mr. Raga was awarded joint custody, upon petitioner's death a child custody proceeding would be necessary to determine the children's future residence because their primary residence under the divorce decree is with petitioner, not Mr. Raga. Petitioner contends that the Ragas' eldest daughter, not Mr. Raga, would most likely be granted custody of the minor children upon petitioner's death, and that Mr. Raga would be responsible for continuing to make payments under the divorce decree to the daughter instead of petitioner. To support her position that Mr. Raga would be required to continue payments as delineated in the divorce decree upon petitioner's death, petitioner cites an Illinois appellate case, In re Marriage of Semonchik, 733 N.E.2d 811, 817 (Ill. Ct. App. 2000), which held, in the context of a modification of unallocated support and maintenance payments due to one spouse's unemployment, that "where a marital settlement

agreement contains an unallocated combination of child support and taxable maintenance payment, that payment is subject to the statutory right to modification contained in the Marriage Act".

Respondent argues that the payments to petitioner under the divorce decree do not fail to qualify as alimony under section 71(b)(1)(D) merely because the unallocated support and maintenance contains an element of child support. Respondent also contends that, contrary to petitioner's belief regarding their residence upon her death, the children would reside with Mr. Raga, their joint custodian, under Illinois law. Thus, the payments for unallocated support and maintenance would cease upon petitioner's death because Mr. Raga would not need to make payments to himself for support of the children. Regardless of the resolution of hypothetical custody issues upon petitioner's death, respondent argues that the maintenance portion of the payments constitutes alimony and would cease upon her death. Additionally, respondent argues that the child support portion of the payments, if it could be separated from the maintenance portion, does not qualify for the child support exclusion from gross income under section 71(c), which requires that the divorce instrument "fix a sum payable for the support of the children".

We agree with respondent. See Berry v. Commissioner, supra, in which we rejected "the notion that the applicability of section 71(b)(1)(D) to an unallocated support obligation is to be

determined by invariably assuming that a third party would take custody of the children upon the payee spouse's death, thereby ensuring the existence of a substitute payment obligation." Petitioner has cited no Illinois law providing that the children, upon her death, would not reside with Mr. Raga, their father and joint custodian, absent a legal proceeding to establish physical custody in a sibling, as petitioner desires. Petitioner's reliance on In re Marriage of Semonchik, supra, is relevant only to the extent that any new custody arrangement would entail potential modification of the level of support that Mr. Raga could be required to pay. We agree with petitioner only to the extent that we cannot know whether the Ragas' children would reside with Mr. Raga or someone else upon petitioner's death. However, the unallocated maintenance portion of the payments to petitioner under the divorce decree would terminate upon her death pursuant to the above-quoted section 510(c) of the Illinois Marriage and Dissolution of Marriage Act. Any other person seeking and receiving physical custody would then have to seek support payments as well.

Because the terms of the divorce decree do not fix any portion of the payments as payable for the support of the Ragas' children, the payments do not satisfy section 71(c). Thus, the unallocated payments are includable in petitioner's gross income as alimony under section 71(a).

In reaching our decision, we have considered all arguments presented and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

<u>Decision will be entered for respondent</u>.