*In re* MARRIAGE OF WILLIAM E. GLEASON, JR., Petitioner-Appellant, and CAROL A. GLEASON, Respondent-Appellee.

Fourth District    No. 4—94—0215

Argued August 16, 1994.—Opinion filed August 31, 1994.

Arnold F. Blockman (argued), of Hatch, Blockman, McPheters & Lyke, of Champaign, for appellant.

Arthur M. Lerner (argued) and Andrea Georgelos, both of Lerner & Kirchner, of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

The marriage of petitioner William E. Gleason, Jr., and respondent Carol A. Gleason was dissolved on June 10, 1993, and there was a marital settlement agreement which provided, in relevant part, as follows:

"2. *Unallocated Support.* Bill shall pay to Carol the sum of Two Thousand Forty Dollars ($2,040.00) per month as and for periodic unallocated support. Said amount shall be paid on the 1st and 15th in equal installments and shall be paid directly from Bill to Carol. During the time that unallocated support is received by Carol, she may claim all three children as exemptions on her personal income tax returns. Furthermore, provided unallocated support is paid by Bill to Carol, then Bill shall pay Carol's [F]ederal tax liability up to the sum of $1,500.00 per year.

The aforementioned unallocated support shall be paid for a period of six (6) years, at which time said amount shall be reviewed and may be reviewed earlier in the event of a change in the Internal Revenue Code affecting the deductibility of the same as

maintenance or the reporting of the same as income by the recipient or in the event of a change in the tax rates of Carol; said support shall be reviewed in the event of the marriage of Carol, death of either party, or other applicable statutory maintenance terminating provisions."

This agreement purported to allow petitioner a deduction for what appears to be funds for both respondent's maintenance and support of the children. No doubt exists but that the result sought was to lower income taxes.

Nothing in the facts or record indicates that maintenance-in-gross involving property settlement, with the related tax advantage, was involved. See 1 H. Gitlin, Gitlin on Divorce § 15.08 (1994).

In September 1993, petitioner was fired from his position as a bank vice-president, and his income was reduced approximately 50%. He sought modification of support payments, and the circuit court of Champaign County first granted modification, then reversed itself, saying the unallocated support clause prohibited modification until a six-year period had expired. Petitioner appeals, and we reverse.

The unallocated support may be considered maintenance for Federal income tax purposes. In reality, however, it is child support and maintenance for respondent, or only child support. Our courts cannot allow Federal tax benefits to interfere with the interpretation and application of State law relating to child support.

In Illinois, maintenance and child support have been recognized as continuing obligations, subject to change as warranted by conditions and circumstances of the parties. (*In re Sharp* (1978), 65 Ill. App. 3d 945, 947, 382 N.E.2d 1279, 1281; see also 2 H. Gitlin, Gitlin on Divorce § 17.00(A) (1994).) Child support is always subject to modification upon a showing of a substantial change in circumstances. (See 750 ILCS 5/510, 502(f) (West 1992).) Ordinarily, absent substantial other income, we would conclude that a 50% decrease in income would be a substantial change in circumstances.

We need not decide whether the unallocated support clause is nonmodifiable, except for the listed conditions. We hold that the unallocated combination of child support into a taxable maintenance amount, as exists here, necessarily carries with it the statutory right to modification of child support.

The legislative intent is clear. Section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 1992)) even establishes required percentage payments, based upon net income. Clearly, the modification requirement would apply if petitioner's income should increase by a substantial amount.

We hold that the use of Federal tax gimmicks will not be allowed

to avoid child support modification provisions. If we hold otherwise, two classes of child support beneficiaries would exist—those whose payments are termed nonreviewable unallocated maintenance and those whose payments are termed child support.

The modification provision created by section 502(f) of the Act does not refer to either recipient or payor—it then applies to both. If unallocated support is treated as modifiable for the benefit of children, then it should be modifiable for the benefit of the payor.

Our decision is consistent with the opinions in *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 488, 388 N.E.2d 76, 78-79, and *In re Support of Burks* (1981), 100 Ill. App. 3d 700, 704, 427 N.E.2d 353, 356. We make it clear that at times a loss of specific income may not be, because of other income and/or substantial assets, a substantial change in circumstances. That does not appear to apply in the present case.

We recognize that the trial court initially modified the support payments. Rather than adopt that modification, we determine that because of what appears to be an onerous burden upon petitioner during appeal, it is proper that the trial court reevaluate and possibly hear updated evidence relating to proper support. Retroactive reduced payments to the time of the filing may be in order.

Reversed and remanded.

McCULLOUGH, P.J., and STEIGMANN, J., concur.