*In re* MARRIAGE OF H. CATHERINE FINK, n/k/a H. Catherine Tyler, Petitioner-Appellee, and JIM MICHAEL FINK, Respondent-Appellant.

Fourth District   No. 4—94—0836

Argued June 19, 1995.—Opinion filed October 19, 1995.

Norman J. Fombelle and Kent A. Rathbun (argued), both of Burger, Fombelle, Zachry & Rathbun, P.C., of Decatur, for appellant.

John W. Foltz (argued), of Glasgow & Foltz, P.C., of Monticello, for appellee.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, of counsel), for intervenor.

JUSTICE COOK delivered the opinion of the court:

Respondent's union is on strike. He filed a petition to reduce his child support obligation because of his reduction in income. The trial court did reduce the amount of his current child support payments but ruled that the reduced amount would have to be repaid at a later date. Respondent appeals that part of the order. We affirm.

Petitioner H. Catherine Fink and respondent Jim Michael Fink were granted a judgment of dissolution of marriage October 27, 1988. At that time, the parties had three minor children. The judgment stated the parties had entered into a joint-parenting agreement, which provided physical custody of one child would rest with petitioner and physical custody of the other two children would be with respondent.

In June 1992, petitioner filed a petition to vacate and modify the custody provisions of the judgment of dissolution. By a stipulated order entered in October 1992, the parties retained joint custody of the

two then-minor children (John and Cynthia Fink) with physical custody of both placed with petitioner.

A payment order was entered January 29, 1993, ordering respondent to pay $216 a week in child support. The order stated the payments were to begin effective June 11, 1992, which created an arrearage of $7,562 at the time the order was entered. The order provided the weekly payments were reduced to $173 per week commencing July 1, 1993, with respondent to continue paying $216 until the arrearage was paid in full. A written order reflecting these provisions was entered February 10, 1993. This order noted the arrearage arose in the time period between petitioner's filing of the petition to vacate on June 5, 1992, and the entry of the payment order. The order provided payment on the arrearage was to begin July 5, 1993, when the amount of child support was to be reduced to $173 per week, since at that time only one of the parties' children would remain a minor. Respondent filed a petition for rehearing alleging the order was based on his 1992 earnings, which reflected a great deal of overtime. On April 14, 1993, the trial court denied the petition.

On July 13, 1994, respondent filed a petition alleging that he had gone on strike July 11, 1994, and wished to abate child support until he returned to work. On August 8, 1994, a hearing was held on the petition.

Respondent is employed by Bridgestone Firestone. He earned $63,000 gross income during 1993; through the pay period ending July 17, 1994, he had earned nearly $44,000 gross income. Respondent is remarried and resides with his wife and her 12-year-old child. His wife is employed by Merle Norman. Respondent testified he had one bank account with less than $320 in it. He stated that was the only account which he or his current wife had. Respondent said the reason he is not working is that his union is on strike against Bridgestone Firestone. He receives $100 per week in strike benefits. He had looked for work elsewhere but had not been hired. He stated he had been on strike before and had never been employed while on strike. He said the union had worked without a contract from April 22 until the strike began in July.

Respondent owns his home subject to a mortgage. His mortgage payment is $309 a month. He owns a 1994 Mitsubishi Galant which was purchased for approximately $15,000 or $16,000 in July 1994 before the union went on strike. He owns a Jeep Cherokee which was purchased in April 1994 for approximately $18,000. The monthly payments on the cars are approximately $270 and $360, respectively. He stated he planned to keep the cars. Respondent's wife testified that they owned two cars before their current vehicles were acquired

and they had merely exchanged car payments. They were previously making car payments of $380 and $235 a month.

Respondent's wife testified she worked 6½ to 7 days a week. She said her income goes to pay bills the couple already had. She stated respondent's strike pay was used to pay bills and buy groceries. Respondent said he would be willing to pay 20% of his after-tax strike pay as child support.

A payment order was entered August 8, 1994, ordering respondent to pay $25 per week in child support commencing July 14, 1994. The reduction was ordered subject to repayment. The cause was continued until September 6, 1994, for review. Respondent filed a motion for reconsideration August 22, 1994. A hearing was held September 6, 1994. No additional evidence was taken at the hearing. Following the arguments of counsel, the court ruled it had followed Supreme Court Rule 296(f). (134 Ill. 2d R. 296(f).) The court ruled that, based upon that subsection, respondent's motion for reconsideration would be denied.

The cause was continued until October 18, 1994, for review. Respondent was directed to notify the court within 48 hours if he returned to work. Respondent filed a notice of appeal to this court September 20, 1994, appealing the trial court's August 8 and September 6, 1994, orders.

Initially, petitioner argues this appeal should be dismissed because the orders appealed from are temporary, not final, orders of the trial court. Respondent argues that the orders did finally dispose of his July 13, 1994, petition for a permanent modification of his child support obligation.

■ The trial court's orders reducing respondent's current payment of child support subject to accrual for later repayment of the amount of such reduction are arguably orders of temporary duration, since they provide for later review. However, respondent is correct in asserting that the orders do fully and finally dispose of his request for a permanent reduction in his support obligation, at least as to the time periods for which temporarily reduced payments, subject to accrual and later repayment, have been ordered. The inclusion in an order of a provision for review does not render the order unappealable. (*In re Marriage of Cannon* (1986), 112 Ill. 2d 552, 556, 494 N.E.2d 490, 492.) A judgment is final if it determines the litigation on the merits so that the only thing remaining to do is to proceed with the execution of the judgment. (*Cannon*, 112 Ill. 2d at 556, 494 N.E.2d at 492; see also *In re Marriage of Lawrence* (1986), 146 Ill. App. 3d 307, 310, 496 N.E.2d 538, 541 (the trial court's characterization of an award of maintenance as "temporary" was deemed to be final, and

subject to review, by the appellate court).) In a sense, every order of child support is temporary because child support can always be increased, decreased, or even terminated. Review is possible, however, at some point before the obligation is terminated. Most post-judgment orders are not temporary orders as contemplated by section 501(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/501(a)(1) (West 1992)).

As a result of the trial court's orders, respondent is building up an arrearage in his child support payments with each week that passes with him still on strike. Past-due installments of support are a vested right and cannot be modified by a court. (*In re Marriage of Frasco* (1994), 265 Ill. App. 3d 171, 179, 638 N.E.2d 655, 661.) An appeal to this court of the orders causing his arrearage to increase each week is the only avenue for respondent to challenge such an accumulation. There was a final appealable order in this case.

■ An obligor may file a motion for modification of his or her child support obligation based upon a substantial change in circumstances. (750 ILCS 5/510(a)(1) (West 1994).) A decision to grant or deny a request to modify an award of child support lies within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 296, 483 N.E.2d 1229, 1233; *In re Marriage of Imlay* (1993), 251 Ill. App. 3d 138, 140, 621 N.E.2d 992, 993-94.

Respondent argues he has demonstrated a substantial change in his financial circumstances entitling him to a modification of his child support obligation without any obligation to repay. (750 ILCS 5/510(a)(1) (West 1994).) Respondent has established he has suffered a substantial reduction in income as a result of the strike, with his weekly income declining from over $1,100 per week gross for the 18 months prior to the strike to $100 per week during the strike. Ordinarily, absent substantial other income, a 50% decrease in income would be a substantial change in circumstances. (*In re Marriage of Gleason* (1994), 266 Ill. App. 3d 467, 468, 639 N.E.2d 982, 983.) The evidence was that respondent had virtually no savings. His only other source of income was his new wife's wages, which were being used to meet the household expenses.

There is no evidence respondent's participation in the strike was in other than good faith. This court recently held that participation in a strike as a basis for reducing a child support obligation should be governed by the same rules which apply to other employment-related changes. If a payor acted in good faith, the trial court may reduce his or her child support payments because of the financial changes caused by participation in the strike. *In re Marriage of Horn*

(1995), 272 Ill. App. 3d 472, 477, 650 N.E.2d 1103, 1107 (and cases cited therein).

■ Respondent has established a change in circumstances entitling him to a reduction of his child support obligation. However, the requirement by the trial court that the amount of any reduction in his child support payments be accrued and repaid at a later date is consistent with this court's opinion in *Horn*. (See *Horn*, 272 Ill. App. 3d at 477, 650 N.E.2d at 1107 (a strike is by its very nature "temporary" and if the strike is anticipated to be of limited duration a current loss of income will not constitute substantial economic reversal sufficient to justify a modification of child support).) Respondent had been on strike only a month when his child support was ordered reduced. We cannot say the trial court's action was an abuse of discretion.

Respondent argues that since his petition did not seek an abatement of his support payments subject to repayment pursuant to Supreme Court Rule 296 (134 Ill. 2d R. 296), the trial court could not enter such an order. The committee comments to Rule 296(f) (134 Ill. 2d R. 296(f), Committee Comments, at 225-26) state that if a court may modify an order for support, it follows that it may also temporarily abate the support, subject to accrual, during a period of temporary unemployment of the obligor. Thus, the trial court could properly grant a temporary abatement of support, subject to accrual, even though the obligor sought only modification of the support obligation.

■ Respondent also argues that Rule 296 appears to authorize the court to ignore sections 505 and 510 of the Act. (750 ILCS 5/505, 510 (West 1992).) However, the rule merely provides an additional tool for the court to use in fairly resolving child-support disputes. The rule recognizes that in some circumstances an obligor's current obligation may need to be reduced, yet the circumstances do not warrant a modification of his or her existing support obligation.

The Attorney General filed an intervening brief because the appellant raised a peripheral challenge to the constitutionality of Rule 296. Respondent had argued that if accrual of the reduction of his child support payments to be repaid at a later date was mandatory pursuant to Rule 296, the rule denied him equal protection of the laws because he would not be subject to such an accrual if he were living in a county which had not adopted the rule.

We note that Piatt County has chosen to operate pursuant to Rule 296. (134 Ill. 2d R. 296.) This court has held that the existence of Rule 296 provides authority for a court in a county which has not adopted the rule to abate support payments subject to accrual of the

abated amount in appropriate circumstances. (*Horn*, 272 Ill. App. 3d at 478-79, 650 N.E.2d at 1108.) Respondent has not been denied equal protection of the laws by virtue of the fact that he resides in a county which has adopted the rule. At oral argument, the parties agreed there was no constitutional issue remaining in the case.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.