*In re* MARRIAGE OF DENA L. PETTIFER, f/k/a Dena L. Mathias, Petitioner-Appellee, and MICHAEL R. MATHIAS, Respondent-Appellant.

Third District   No. 3—98—0259

Opinion filed April 21, 1999.

BRESLIN, J., dissenting.

Donovan S. Robertson (argued), of Robertson & Conklin, of Rock Island, for appellant.

Douglas C. Scovil (argued), of Ruud, Scovil & Marsh, of Rock Island, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:

The respondent in this child support modification case, Michael

Mathias, appeals the Rock Island County circuit court's order requiring the respondent to pay retroactive child support and interest. In determining whether the circuit court erred, we must answer the following question: Can the circuit court order the respondent to pay retroactive child support for amounts expended by the petitioner between October 6, 1982, when the judgment of dissolution was granted, and April 29, 1996, when the petition for modification was filed, under section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/510(a) (West 1994))? Because we conclude that the circuit court erred, we reverse and remand.

## I. Facts

The petitioner, Dena L. Pettifer, and the respondent, Michael R. Mathias, divorced in 1982. During their marriage, three children were born: Jamie Lynn, Christina Marie, and Justin Michael. At the time of their divorce, Justin's paternity was in question. Therefore, the court set the respondent's child support payments at $40 weekly for Jamie and Christina, and it set a temporary award of $20 weekly for Justin.

Over 13 years later, on April 29, 1996, the petitioner filed a petition to modify the child support seeking: (1) a prospective increase in support for Christina and Justin; and (2) a retroactive increase of Justin's support to $40 weekly beginning October 6, 1982, and continuing until the present. After a hearing in which the petitioner's expert testified as to the costs of child-rearing from 1982 until the present, the circuit court ordered: (1) support for Justin at $30 weekly, retroactive to October 6, 1982, with credit for the $20 weekly that respondent previously paid; and (2) interest to be paid on each installment, as it accrued, since 1983 at the rate of 9% *per annum*. However, since Justin was now living with the respondent, the court also ordered the petitioner to pay the respondent $25 weekly prospectively for Justin's support. The respondent now appeals.

## II. Analysis

Although the determination of whether to modify child support lies within the sound discretion of the circuit court, in this case, we are not merely reviewing whether the circuit court abused its discretion in modifying the support. Rather, we must decide whether the circuit court erred as a matter of law in retroactively applying section 510(a) of the Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/510(a) (West 1994). In answering this question, we must interpret the legislative intent of section 510(a) (750 ILCS 5/510(a) (West 1994)) and, therefore, we review this case *de novo. Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995).

■ We begin our analysis with a review of section 510(a), which states in pertinent part:

"(a) *** [T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing *subsequent* to due notice by the moving party of the filing of the motion for modification and, with respect to maintenance, only upon a showing of a substantial change in circumstances." (Emphasis added.) 750 ILCS 5/510(a) (West 1994).

A plain reading of section 510(a) dictates that a retroactive modification is limited to only those installments that date back to the filing date of the petition for modification and, thus, insures that the respondent is put on notice prior to the court ordering him to pay increased support. See *In re Marriage of Henry*, 156 Ill. 2d 541, 544, 622 N.E.2d 803, 805 (1993) (Since child support is completely statutory in origin and nature, the trial court cannot retroactively grant child support against the clear intent of the legislature).

■ For a modification to occur, there must be a change in the child's needs, an increase in the father's income, or a change in the financial condition of the mother. *Saxon v. Saxon*, 20 Ill. App. 2d 477, 156 N.E.2d 229 (1959). Upon such change, a circuit court may retroactively modify a support obligation under a divorce decree to the date of the filing of the modification petition. *Harner v. Harner*, 105 Ill. App. 3d 430, 434 N.E.2d 465 (1982). In *Dixon v. Dixon*, 45 Ill. App. 3d 934, 938, 360 N.E.2d 486, 552-53 (1977), the court explained that although support payments can be modified as of the date that the petition for modification was filed, "the payments due previous to the petition cannot be modified."

■ The petitioner proposes that this court should apply section 14(b) of the Illinois Parentage Act of 1984 (750 ILCS 45/14(b) (West 1994)) rather than section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/510(a) (West 1994)). We find her argument unpersuasive. In Illinois, the presumption is that the lawful husband of the mother is the father of a child born during the marriage. Accordingly, the circuit court, at the time of the original grant of child support, could have required the respondent to pay support for Justin equal to the support paid for the other children until he proved by clear and convincing evidence that he was not the father. See Ill. Rev. Stat. 1983, ch. 40, par. 1405.[1] See also *People v. Askew*, 74 Ill. App. 3d 743, 393 N.E.2d 1124 (1979) (The court found that the presumption is not conclusive and may be rebutted by clear, convinc-

---

[1]In 1982, when the court initially granted the child support, the statute governing the presumption of legitimacy stated in pertinent part:

ing and irrefragable proof, such as conclusive proof that the husband had no access to the wife during period of possible conception or by blood tests). Consequently, by virtue of the parties' marriage and subsequent dissolution, the proceedings are within the province of section 510(a). Thus, any subsequent award of support constitutes a modification of the previous judgment, thereby bringing the case within the purview of section 510(a), which prohibits the award of retroactive child support.[2] *Conner v. Watkins*, 158 Ill. App. 3d 759, 762, 511 N.E.2d 200, 202 (1987).

The petitioner further argues that by using the term "temporary" support, the circuit court contemplated the possibility of increased "permanent" support in the future. We note, however, that "every order of child support is temporary [in a sense] because child support can always be increased, decreased, or even terminated" (*In re Marriage of Fink*, 275 Ill. App. 3d 960, 964, 656 N.E.2d 1131, 1133 (1995)); therefore, such orders cannot be modified except by the procedure outlined in section 510(a), which limits retroactive payments to the time period between the time the petition was filed and the time the petition is granted. This court declines to create an exception in this case.

### III. Conclusion

In sum, we conclude that the circuit court erred in requiring the respondent to pay retroactive child support and interest between October 6, 1982, when the judgment of dissolution was granted, and April 29, 1996, when the petition for modification was filed: (1) the circuit court's order of March 1983 was a judgment capable of modification only by a proceeding brought under section 510(a); and (2) section 510(a) bars retroactive modification of child support and interest beyond the date of filing the petition for modification. 750 ILCS 5/510(a) (West 1994). Accordingly, we reverse the circuit court's determination on child support and interest during the period between October 6, 1982, and April 29, 1996. We remand this action to

---

"The presumption of legitimacy of a child born during wedlock is overcome if the court finds that all the experts, as disclosed by the evidence based upon the tests, show that the husband is not the father of the child." Ill. Rev. Stat. 1983, ch. 40, par. 1405.

[2]The dissent suggests that because the respondent did not challenge the 1982 order on direct appeal, he should be collaterally estopped from doing so now. Here, the respondent is not attacking the 1982 order, but the order entered on February 25, 1998.

the Rock Island County circuit court for purposes of recalculating child support in accordance with this opinion.

Reversed and remanded.

SLATER, J., concurs.

JUSTICE BRESLIN, dissenting:

Although I find no fault in the majority's recitation of how requests for retroactive child support are normally treated under the Act, I do not believe we are presented with such a situation by the case at hand.

In this case, the paternity of Justin was in question at the time of the second phase of the bifurcated dissolution proceeding. As a result, the court entered an order in which it quite clearly stated that, if Michael was proved to be Justin's father, Justin would be awarded child support in an equitable amount and that Michael would be obligated to pay said amount "retroactively to the date of [the court's] order." Both parties approved and agreed to this order. Having failed to challenge the order on direct appeal, I would hold that Michael is collaterally estopped from doing so now. See *Rhoads v. Board of Trustees of the City of Calumet City Policemen's Pension Fund*, 293 Ill. App. 3d 1070, 689 N.E.2d 266 (1997) (collateral estoppel precludes a party from relitigating an issue already decided in a prior proceeding). Consequently, I would affirm the trial court with respect to its award of back child support.