**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019[*]
Decided June 28, 2019

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3026

| | |
|---|---|
| CARLETON B. SYPH, II, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 13 C 4821 |
| EDWARD A. ARCE, et al., | |
| *Defendants-Appellees*. | Matthew F. Kennelly, |
| | *Judge*. |

**O R D E R**

Carleton Syph appeals the dismissal of his suit against his ex-wife's attorney and two lllinois judges, who all, he believes, improperly opposed his attempts in state-court litigation to modify his child-support obligations. Because the district court correctly dismissed his case for lack of subject-matter jurisdiction, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In state court, Syph and his ex-wife litigated over his child-support obligations. After deciding that the ex-wife need not produce her tax returns, an Illinois judge denied Syph's petition to modify those obligations. Syph unsuccessfully moved to reconsider that denial; afterwards, he petitioned to replace that judge, but another state-court judge denied that petition. Next, Syph's ex-wife's attorney moved for injunctive relief. The lawyer sought to prevent Syph from using any financial data that he had obtained in court from her. The judge granted the motion at a hearing that Syph did not attend. After that hearing, Syph alleges, the ex-wife's lawyer fraudulently drafted, and the judge signed, an order at odds with the hearing transcript, which reflects that the judge had granted only a temporary restraining order.

Rather than seek relief on appeal in state court, he turned to federal court under 42 U.S.C. § 1983. He alleges that the two judges (the presiding judge and the judge who denied his petition for another judge) violated his right to due process by misapplying local rules to relieve his ex-wife of producing her tax returns. And, he alleges, the ex-wife's attorney committed fraud. Syph sought to enjoin the state-court judges from enforcing their existing orders and entering further orders. The district judge sua sponte ordered Syph to show cause for why his case should not be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), or for abstention under *Younger v. Harris*, 401 U.S. 37, 43 (1971). After Syph responded, the judge dismissed the case on both grounds. The judge reasoned that Syph's claims were barred by *Rooker-Feldman* because he was challenging state-court orders, which are appealable only in the state-court system. And *Younger* abstention precluded the court from intervening in pending divorce proceedings.

On appeal, Syph argues that the *Rooker-Feldman* doctrine does not apply. He says that he does not seek to alter a judgment issued by "the highest court of a state"; rather, he seeks relief from interlocutory rulings that denied him a fair hearing and misapplied local rules. However, the district court did not err. Under *Rooker-Feldman*, federal district courts lack jurisdiction over suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016). The doctrine is not limited to decisions of a state's highest court—it applies to all state-court judgments preceding the federal suit. *Harold v. Steel*, 773 F.3d 884, 885–86 (7th Cir. 2014). And the doctrine has no "procedural exception"—it applies both to challenges to "final" decisions and to "the

procedures that state courts use to reach decisions or the evidence" considered. *Id.* at 887. Orders denying petitions to modify child support are "final." *In re Marriage of Fink*, 656 N.E.2d 1131, 1133 (Ill. App. Ct. 1995). Syph thus cannot sidestep *Rooker-Feldman* by arguing that the state court denied him due process by failing to follow local rules that would have allowed him to see his ex-wife's tax returns. He incurred no injury until the state court acted upon this alleged failure by denying, in its final ruling, his petition to alter his child-support obligations. *See Harold*, 773 F.3d at 886–87.

Moreover, even if the denial of Syph's petition was not final, we must affirm for another reason: the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving "divorce, alimony, and child custody decrees." *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006). Ordinarily, this exception applies to assertions of jurisdiction based on diversity of citizenship, but it also applies to assertions of federal-question jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 700–02 (1992); *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006). "[S]tate courts are assumed to have developed a core proficiency in probate and domestic relations matters," *Sykes*, 837 F.3d at 741, and they can decide federal questions at the same time. *See Jones*, 465 F.3d at 307. Syph's suit, which raises federal- and state-law challenges to his child-support obligations, falls squarely within the domestic-relations exception. Such obligations are part of the typical divorce decree, which the "federal courts are not well suited" to supervise. *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982) ("[I]f there are children [the decree] will provide for custody, visitation rights, and child support payments as well."); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) ("[A] federal court will not take jurisdiction over a case if that would require it to … determine alimony or support obligations … .").

Two final matters. First, Syph contends that the district court should have entered a default judgment in his favor because the defendants failed to respond to his complaint. *See* Fed. R. Civ. P. 55(a). But the district court could not enter a default judgment when it lacked jurisdiction over the case. *Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996). Second, because both *Rooker-Feldman* and the domestic-relations exception deprived the district court of jurisdiction over Syph's action, we need not address whether *Younger* abstention applied.

AFFIRMED