# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Hochstatter*, 2020 IL App (3d) 190132

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF ANDREA D. HOCHSTATTER, Petitioner-Appellee, and JEFFREY R. HOCHSTATTER, Respondent-Appellant. |
| District & No. | Third District<br>No. 3-19-0132 |
| Rehearing denied<br>Opinion filed | May 12, 2020<br>May 12, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Bureau County, No. 15-D-51; the Hon. Cornelius J. Hollerich, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Roger C. Bolin, Boyle & Bolin, of Hennepin, for appellant.<br><br>James R. Angel, of Princeton, for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Holdridge and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    The petitioner, Andrea D. Hochstatter, filed for a dissolution of her marriage to the respondent, Jeffrey R. Hochstatter. She also filed a motion seeking an award of temporary maintenance and child support. The parties agreed on a temporary amount, and eventually the circuit court ruled that Jeffrey owed Andrea an amount for retroactive unallocated maintenance and child support. On appeal, Jeffrey argues that the circuit court erred when it (1) awarded Andrea retroactive unallocated maintenance and support and (2) ruled that he was not entitled to a deduction from his income for depreciation. We issued an order on February 7, 2020, affirming the circuit court's decision. Jeffrey petitioned for rehearing. With modifications to what are now paragraphs 24-26 for the purpose of clarification, we adhere to our prior disposition affirming the circuit court's judgment, this time, as an opinion.

¶ 2                                                    FACTS

¶ 3    Andrea and Jeffrey married in August 1999, and they separated in the fall of 2011. They had one child together, a daughter, who was born in December 2000. Andrea filed for divorce on July 22, 2015, and sought, *inter alia*, reasonable temporary and permanent child support and maintenance. Andrea also filed a motion on the same day that sought temporary relief, including custody of the parties' child, child support, and maintenance.

¶ 4    The parties entered into an agreed order on November 4, 2015, in which Jeffrey agreed to pay, prospectively and until further order, the mortgage on Andrea's residence, her car insurance, and $250 per month for their "child's personal expenses."

¶ 5    The parties' final pretrial stipulation listed Andrea's entitlement to maintenance and child support among other contested issues.

¶ 6    The circuit court held a hearing on the petition over three days in August 2017. After the hearing, the court granted the parties time to file position papers. Andrea's position paper, filed March 28, 2018, included a specific request that maintenance and child support be awarded retroactive to July 22, 2015, the date on which she filed the petition for dissolution.

¶ 7    On August 31, 2018, the circuit court issued a written 43-page "Phase 2 Decision" in which it addressed the outstanding issues. In relevant part, the court's decision included a calculation of the parties' gross and net incomes for purposes of determining Jeffrey's child support obligation. In arriving at those figures, the court considered that the legislature had amended the applicable provision of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 2018)), which now included specific instructions for calculating business income. Jeffrey had sought a deduction for depreciation in the amount of $28,194, which was the amount he listed on Schedule F (farm income) of his 2014 tax return. The court refused to grant the deduction, also noting in its decision that, while Jeffrey's 2016 tax return contained more recent farm income data, the difference between 2014 and 2016 was *de minimis*.

¶ 8    The court also determined in its decision that retroactive unallocated maintenance and child support was appropriate in the amount of $34,150. The circuit court issued a judgment of dissolution on September 25, 2018, which incorporated its "Phase 2 Decision."

¶ 9    Jeffrey filed a "Post-Trial Motion for Modification of Judgment" on October 24, 2018. In part, the motion alleged that the circuit court erred by not granting him a full depreciation

deduction from Schedule F of his 2016 tax return, which was $35,193. He claimed that none of that amount was accelerated depreciation. The motion also alleged that the court incorrectly calculated the amount Jeffrey had paid in temporary maintenance and child support.

¶ 10    In its ruling on Jeffrey's motion, the circuit court ruled that, because the legislature explicitly mentioned only accelerated depreciation, it did not intend to change existing law on nonaccelerated depreciation. Thus, the court rejected Jeffrey's claim for any depreciation deduction. The court did grant Jeffrey's motion regarding the calculation of his past payments of temporary maintenance and child support. After recalculating, the court reduced his maintenance and child support obligation from $34,150 to $28,626.36.

¶ 11    Jeffrey appealed.

¶ 12                                            ANALYSIS

¶ 13    Jeffrey's first argument on appeal is that the circuit court erred when it awarded maintenance and child support from the date of Andrea's petition for dissolution and in an amount beyond what the parties agreed to in the temporary order.

¶ 14    Because Jeffrey's argument implicates only the circuit court's statutory authority to grant maintenance and/or child support from the date of the petition for dissolution, we review this legal question *de novo*. See, *e.g.*, *Walton v. Illinois State Police*, 2015 IL App (4th) 141055, ¶ 11.

¶ 15    There is no question that the circuit court has the authority to award maintenance and/or child support in a dissolution proceeding. 750 ILCS 5/504 (West 2014) (authorizing maintenance awards); *id.* § 505 (authorizing child support awards). Further, section 501 of the Act provides that a party to a dissolution proceeding can request and receive temporary maintenance and/or child support. *Id.* § 501(a).

¶ 16    One of the principal purposes of granting temporary maintenance and/or child support is to attempt to balance the equities between the parties as fairly as possible while the dissolution case is pending. See *Kenly v. Kenly*, 47 Ill. App. 3d 694, 698 (1977); see also *In re Marriage of Schroeder*, 215 Ill. App. 3d 156, 165 (1991) (holding that "[t]he historical and practice notes for section 501(d) indicate the purpose of the section is to encourage amicable temporary settlements without establishing precedent for later hearings as to need or ability to pay support"). Significantly, an order for temporary maintenance and/or child support "does not prejudice the rights of the parties or the child which are to be adjudicated at subsequent hearings in the proceeding." 750 ILCS 5/501(d)(1) (West 2014); see also *Schroeder*, 215 Ill. App. 3d at 165 (holding that "[t]emporary orders are not binding on the trial court and are terminated and superseded by the provisions of the final decree [citations], and are effective until resolution of the prayers for dissolution [citation]").

¶ 17    In this case, Jeffrey claims that, because the parties agreed on the temporary amount he would pay in maintenance and child support, the circuit court no longer had the authority to award retroactive maintenance and child support. He contends that doing so would constitute a modification of the parties' agreement that Andrea never requested. However, this is not a case about modification, as modification under the Act applies to final orders (see 750 ILCS

5/510 (West 2014)).[1] Rather this case involves a section 501 order for temporary maintenance and child support, which by nature is merely a stopgap that lasts only until the court finally resolves the pending questions of maintenance and child support. See *id.* § 501(d)(1); *Schroeder*, 215 Ill. App. 3d at 165. It is irrelevant to that determination whether the parties agreed to the amounts in the order for temporary maintenance and child support, despite what Jeffrey contends. See *Schroeder*, 215 Ill. App. 3d at 165.

¶ 18    For the foregoing reasons, we reject Jeffrey's argument and hold that the circuit court had the statutory authority to award Andrea maintenance and child support from the date of her request in the petition for dissolution, with appropriate credit given for the temporary payments Jeffrey had made.

¶ 19    Jeffrey's second argument on appeal is that the circuit court erred when it calculated his income for child support purposes without granting him a deduction for "non-accelerated depreciation generated as part of [his] farming operation." He claims that the 2017 amendment of section 505 of the Act changed prevailing case law that did not allow depreciation deductions from gross income for purposes of calculating child support obligations unless they fell into the category of debt repayment.

¶ 20    Initially, we note that, in the circuit court, Jeffrey argued that he was entitled to a deduction for depreciation in the amount of $35,193, which was based on his 2016 tax return, and that the entire amount constituted nonaccelerated depreciation. On appeal, he has changed his argument and now cites his 2014 tax return, which the circuit court used when calculating his income, and claims that, of the $28,194 figure from Schedule F, $19,706 was accelerated depreciation and $8488 was nonaccelerated depreciation. Thus, he now argues that he was entitled to a deduction for nonaccelerated depreciation of $8488.

¶ 21    While Jeffrey did not make this specific argument in the circuit court, the amount of the deduction is a secondary consideration. Both arguments present the underlying question of whether the circuit court correctly applied section 505 of the Act regarding depreciation deductions. This issue presents a question of statutory interpretation; accordingly, our review is *de novo*. *In re Marriage of Brill*, 2017 IL App (2d) 160604, ¶ 40.

¶ 22    Prior to July 1, 2017, section 505(a)(3)(h) of the Act permitted, in relevant part, deductions for "[e]xpenditures for repayment of debts that represent reasonable and necessary expenses for the production of income." 750 ILCS 5/505(a)(3)(h) (West 2016). Thus, for an individual to successfully claim a deduction for depreciation, he or she had to establish that it was a reasonable and necessary expense for the production of income *and* that " 'it [fell] into the category of debt repayment as evidenced by a specific repayment schedule.' " *In re Marriage of Vance*, 2016 IL App (3d) 150717, ¶ 42 (quoting *In re Marriage of Nelson*, 297 Ill. App. 3d 651, 655 (1998)).

¶ 23    Effective July 1, 2017, section 505 of the Act was substantially rewritten, including the provisions applicable to calculating gross and net incomes. See Pub. Act 99-764 (eff. July 1, 2017) (amending 750 ILCS 5/505). In part, the legislature added a section for the calculation of business income. See 750 ILCS 5/505(a)(3.1) (West 2018). In relevant part, section 505(a)(3.1)(A) provided:

---

[1] In fact, the only two cases Jeffrey cites in support of his argument on this issue involve modification under section 510. *Nerini v. Nerini*, 140 Ill. App. 3d 848, 854 (1986); *In re Marriage of Pettifer*, 304 Ill. App. 3d 326, 327 (1999).

"(3.1) Business income. For purposes of calculating child support, net business income from the operation of a business means gross receipts minus ordinary and necessary expenses required to carry on the trade or business. *** The court shall apply the following:

(A) The accelerated component of depreciation and any business expenses determined either judicially or administratively to be inappropriate or excessive shall be excluded from the total or ordinary and necessary business expenses to be deducted in the determination of net business income from gross business income." *Id.* § 505(a)(3.1)(A).

¶ 24 It is clear that section 505(a)(3.1)(A) now explicitly excludes accelerated depreciation from the calculation of net business income and does not explicitly mention nonaccelerated depreciation. *Id.* The implication from the continued omission of nonaccelerated depreciation from the plain language of the statute is that it could still be deducted, but only if the court, *in its discretion*, determines it to be an appropriate and reasonable business expense that is required to carry on the trade or business. See *id.* At a fundamental level, this is no different than the way nonaccelerated depreciation was handled in the preamendment version of section 505.

¶ 25 In his petition for rehearing, Jeffrey argues, *inter alia*, that this court has ignored the following question: "Can a trial court in a divorce case continue the virtually blanket denial of non-accelerated depreciation as a deductible expense on the authority of pre 2017 case law in light of the 2017 amendments to the law itself?" We have not ignored this question. While the legislature did not retain any of the prior language requiring depreciation to fall into the category of debt repayment to qualify for a deduction, as stated in the previous paragraph, qualifying for the deduction still requires the claimant to convince the circuit court that nonaccelerated depreciation is an appropriate and reasonable business expense that is required to carry on the trade or business. The fatal error in Jeffrey's argument is that he claims he is *entitled* to the deduction based on the amendment. No such entitlement exists.

¶ 26 It is important to note that Jeffrey does *not* argue that the circuit court abused its discretion when it used the prior case law in arriving at its decision to deny him a deduction for nonaccelerated depreciation. We do not believe that the amendment to section 505(a) regarding business income automatically negated all of the prior case law. Rather, that case law could still provide a circuit court with guidance when deciding, *in its discretion*, whether to allow a deduction for nonaccelerated depreciation—*i.e.*, whether nonaccelerated depreciation constitutes an ordinary and necessary expense required to carry on the trade or business. See *id.* In the absence of an actual cognizable and supported claim that the court's decision not to grant the deduction constituted an abuse of discretion, we hold without further analysis that the court's decision was not erroneous.

¶ 27                                                  CONCLUSION
¶ 28 The judgment of the circuit court of Bureau County is affirmed.

¶ 29 Affirmed.