**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240641-U

Order filed October 23, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| NINA ITO, | ) | Du Page County, Illinois. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | Appeal No. 3-24-0641 |
| and | ) | Circuit Nos. 21-D-1006 & 21-OP-1262 |
| | ) | |
| TERUAKI ITO, | ) | |
| | ) | The Honorable |
| Respondent-Appellee. | ) | Maureen R. Riordan, |
| | ) | Judge, presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Anderson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The circuit court erred when it granted the respondent's section 2-615 motion to dismiss the petitioner's motion for increase in child support.

¶ 2       The petitioner, Nina Ito, filed a motion seeking an increase in the child support paid to her by the respondent, Teruaki Ito. Teruaki filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)), which the circuit court granted. On

appeal, Nina argues that the court erred when it granted Teruaki's motion to dismiss. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        On May 28, 2021, Nina filed a petition for dissolution of her marriage to Teruaki. The parties had two children together; Nina sought "temporary and permanent sole allocation of parental responsibility of both children" and child support. Ultimately, the parties entered into a marital settlement agreement (MSA). At the prove-up in court on September 20, 2023, Nina testified that she had been making $92,000 per year, but then she went on disability and her income dropped to $60,000 per year.

¶ 5        The MSA itself contains contradictory provisions regarding Nina's income. Article II of the MSA, which addressed "Financial Representations of the Parties," contained the following provision regarding the parties' incomes:

> "The wife was previously employed by Diageo and earned a gross annual salary of $92,500, however, she was terminated from her employment on July 14, 2023. Prior to her termination, Wife represents that her income *would have been reduced* to approximately $60,000, thus, Wife's income shall be *imputed* at $60,000 for purposes of calculating child support. Wife shall have an affirmative obligation to apply for social security disability and unemployment benefits, and to notify Husband of any changes in her current income or employment status within 48 hours of the same." (Emphases added.)

Article IV of the MSA addressed "Child Support and Child-related Expenses" and contained a conflicting statement regarding Nina's income. Specifically, in the provision containing the child support calculation, the parties agreed in part that "[s]aid support is set pursuant to the statutory guidelines and is based upon Husband's current gross base income of $72,000 per year (using

2

standardized deductions), [and] Wife's *current disability income of $60,000 per year* (using standardized deductions)." (Emphasis added.)

¶ 6        The circuit court accepted the parties' MSA and entered a judgment for dissolution on September 20, 2023.

¶ 7        On March 28, 2024, Nina filed a motion for increase in child support. Nina's motion acknowledged that at the time of the dissolution judgment, she was in fact not receiving disability income and the $60,000 figure was imputed. Of further relevance to this appeal, the motion alleged:

> "That significant changes have occurred making it necessary to modify said support to grant Nina Ito significantly more in child support in that Nina Ito is *no longer receiving disability income* and that she is unemployed, receiving no disability income and being solely on unemployment income in the amount of $2,800.00 per month not being able to work as Ms. Ito is still going to Mayo Clinic on a regular basis as a result of many ailments, procedures and many needed surgeries." (Emphasis added.)

¶ 8        In response, Teruaki filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). He alleged that no substantial change in circumstances had occurred because Nina's income was imputed in the MSA; therefore, "a change in income is irrelevant."

¶ 9        The circuit court held a hearing on Teruaki's motion on June 27, 2024. Counsel for Teruaki argued that it was known at the time of the dissolution judgment that Nina was disabled and unemployed and that she agreed to imputed income on her own representations. Counsel for Nina argued that the imputation was based on an assumption that she would *continue* to receive her disability pay, but the reality was that her disability pay was *terminated* and her income now was

3

far less than $60,000. However, counsel for Nina concluded his argument by acknowledging that the $60,000 figure was in fact an imputation based on what he and Nina believed she was going to receive. Counsel also noted that Nina had applied for disability benefits six to eight months prior to the June 2024 hearing, but her application was still pending.

¶ 10    At the close of the hearing, the court emphasized that Nina agreed to the imputation. The court found:

> "[a]s to whether or not her no longer receiving short term disability is—I respectfully don't find that that constitutes a significant change in circumstances, as the judgment specifically states that she's got an affirmative obligation to apply for Social Security Disability and unemployment, and that the imputation, again, is based on her prior employment."

¶ 11    Nina filed a motion for reconsideration. At the hearing on that motion, counsel argued in part that Nina's doctors would be able to testify at a later hearing to verify that Nina was unable to work. The court denied Nina's motion, and she appealed.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, Nina argues that the circuit court erred when it granted Teruaki's section 2-615 motion to dismiss. Specifically, she contends that the court erred when it found that no substantial change in circumstances had occurred.

¶ 14    "A section 2-615 motion to dismiss tests the legal sufficiency of a complaint." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. When a section 2-615 motion is at issue, the circuit court must take as true all well-pled facts, and any reasonable inferences arising therefrom, and construe the complaint in the light most favorable to the plaintiff. *Jane Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 16. We review a circuit

4

court's decision on a section 2-615 motion to dismiss *de novo*. *Jackson v. Michael Reese Hospital and Medical Center*, 294 Ill. App. 3d 1, 9 (1997).

¶ 15 "The standard of review for a section 2-615 motion to dismiss is whether the complaint sufficiently states a cause of action, and the merits of the case are not considered." *Id.*; see also *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991) (holding that "[t]he only matters to be considered in ruling on [a section 2-615 motion] are the allegations of the pleadings themselves"). In this case, the circuit court clearly considered the merits of Nina's motion for increase in child support despite the fact that the case was called only for consideration of Teruaki's 2-615 motion to dismiss. This was improper.

¶ 16 Further, a section 2-615 motion to dismiss should be granted *only if* no set of facts could be proven that would entitle the plaintiff to relief. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47. We acknowledge at this juncture that the MSA, certain pleadings filed in this case, and arguments made by counsel for Nina in both the circuit court and before this court contained contradictions regarding whether Nina was in fact receiving disability pay of $60,000 per year at the time of dissolution. Nevertheless, it is undisputed that Nina's motion for increase in child support alleged, *inter alia*, that she was unable to work due to her physical ailments and that her current unemployment income was considerably less than what had been imputed to her in the MSA. Case law is clear that a change in the financial condition of the recipient of child support can serve as the basis for a modification of the payee's obligation. See, *e.g.*, *In re Marriage of Pettifer*, 304 Ill. App. 3d 326, 328 (1999) (holding that "[f]or a modification to occur, there must be a change in the child's needs, an increase in the father's income, or a change in the financial condition of the mother"). Nina's complaint sufficiently stated a potential basis for modification of child support.

5

¶ 17        For the foregoing reasons, we hold that the circuit court erred when it granted Teruaki's section 2-615 motion to dismiss. See *Nyhammer v. Basta*, 2022 IL 128354, ¶¶ 24-25 (holding that when a section 2-615 motion to dismiss is at issue, the court is to consider only the adequacy of the pleadings, as opposed to the merits of the case). Nina's complaint must be reinstated, and we remand the case for further proceedings on the complaint.

¶ 18                              III. CONCLUSION

¶ 19        The judgment of the circuit court of Du Page County is reversed and the cause is remanded for further proceedings.

¶ 20        Reversed and remanded.